CASE 63—PETITION ORDINARY—SEPTEMBER 28.

## Louisville and Portland R. R. Co. vs. Smith.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. Where a car, propelled by horse power, on a city street railroad, was upset and thrown from the track over an embankment, whereby the plaintiff, who was one of the passengers was injured—in an action against the railroad company to recover damages for such injury, the burden of proof is on the defendant to show that the accident was not occasioned by its fault or the fault of its agent.

2. In such cases the jury should be restricted in their verdict to *compensatory* damages, and an instruction that they might award *exemplary* damages was, therefore, erroneous.

W. R. THOMPSON for appellant.

G. A. & I. CALDWELL, on same side, cited 16 *B. Mon.*, 586; 2 *Met.*, 146.

CRAIG & ATCHISON and BULLOCK & ANDERSON, for appellee, cited *Story on Bailments, sec.* 601; 13 *Peters*, 181, 193; 2 *Kent's Com.*, 830; 1 *McLean's Rep.*, 540; 2 *Ib.*, 157; 1 *Metcalfe's Rep.*, 1; 16 *B. Mon.*, 586; 2 *Met.*, 146, 558; *Civ. Code., sec.* 364.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Appellants are carriers of passengers under an act of incorporation, their business being the transportation of passengers from Twelfth street, in the city of Louisville, to the Ohio river

in that part of the city known as Portland, by a railway, the coaches of which are propelled by horse power.

Appellee, being in one of their coaches when it was thrown from the track, upset, and precipitated down an embankment of several feet, was severely cut and bruised, and permanently disabled, in his right arm.

For this accident and injury he sued and recovered a verdict and judgment for $4,750, from which an appeal is prosecuted, and a reversal sought, mainly on three grounds:

1. For want of sufficient evidence to support the verdict.

2. Errors in instructing the jury.

3. Excessive damages.

A consideration of the instructions necessarily involves the first two causes.

The instructions embrace the following propositions:

1. That if the car was thrown from the track by the fast and careless or reckless driving of defendant's agent, they should find for the plaintiff.

2. That the proper care required by law is such as prudence requires in the management of a railroad for passengers, having due and proper regard to the mode of conveyance, the means employed; and care must be exerted, as far as human foresight will go, and that the jury must determine, from all the evidence, whether such care was exercised.

3. That if plaintiff was injured, whilst traveling in a car of defendant's then under its control and the management of its agent, by its running off the track and being overturned, the presumption is, it was through the negligence of defendant's agent; and the burthen of proof is on the defendant to establish there was no negligence whatever in the driving of the car which produced the accident, and that the damage resulted from a cause which human foresight and care could not have prevented.

4. The jury are not necessarily restricted to actual damages, but may, in their discretion, award such exemplary damages as they may deem just and proper in view of all the facts of the case, not exceeding the amount claimed in the petition.

It is insisted by appellants that negligence is a mixed question of fact and law, and that no presumption of negligence arises from the running off and overturning of the car; and before they can be held responsible for damages resulting therefrom, the negligence of their agent must be shown.

It was said by Chief Justice Mansfield (*in 2 Camp.*, 80), that he thought the plaintiff had made out a *prima facie* case by proving his going on the coach, the accident, and the damage he had suffered.

This decision of the English court was affirmed, in principle, by the supreme court of the United States, in Stokes vs. Saltonstall (13 *Peters*, 193), in approving the instructions given below, and in which the court had said to the jury that "the facts that the carriage was upset, and the plaintiff's wife injured, are *prima facie* evidence that there was carelessness or negligence or want of skill on the part of the driver, and throws upon the *defendant the burthen of proving* that the accident was not occasioned by the driver's fault."

The court said, that, although the carrier does not warrant the safety of the passengers at all events, yet his undertaking and liability as to them goes to the extent that he or his agent —if, as in this case, he acts by agent—should possess competent skill; and that, as far as human care and foresight can go, he will transport them safely; and cites, as authorities sustaining this ruling, *Christie vs. Gregg,* 2 *Camp.,* 79; *Aston vs. Heaven,* 2 *Espinasse Rep.,* 533; 2 *Kent's Com.,* 466; *Story on Bailments,* 376–7.

Carriers of passengers are not liable to the same extent as carriers of goods; yet public policy, and the interest of the traveling community, require that they should be rigidly held to their legal responsibilities.

We do not understand the second instruction as meaning that a company conducting a street or passenger railway or railroad, propelled by horse power, should be held to the same strictness of care, skill, and diligence, that should be required of a railroad propelled by steam; but the instruction informs the jury that the care required is such as prudence requires,

Louisville and Portland R. R. Co. vs. Smith.

having due regard to the mode of conveyance and the means employed, and could scarcely mislead the jury.

The evidence and circumstances detailed as to this accident tends strongly to impress the mind that fast driving was the primary cause of throwing the car from the track, and that being thus displaced, whilst going at rapid speed, caused both the upsetting of the car and breaking of the wheel; but this was a question of fact peculiarly within the province of the jury, and when they find on conflicting evidence, this court will not disturb the verdict, especially when the court below has refused to do so, and more especially when the evidence does not greatly preponderate against it, if, indeed, the weight of evidence does not support it.

But it is insisted that the court erred as to the measure of damages.

It is said in 1 Bouvier's Law Dictionary, 361, that "damages for torts are either compensatory or vindictive. By compensatory damages, is meant such as are given merely to recompense a party who has sustained a loss in consequence of the act of the defendants, and where there are no circumstances to aggravate the act.    *    *    *    Vindictive damages are such as are given against a defendant, who, in addition to the trespass, has been guilty of acts of outrage and wrong which cannot well be measured by compensation in money."

Although the strictly legal phrase is, perhaps, *vindictive* as contradistinguished from *compensatory*, yet *exemplary* and *punitive* have grown into such common use, and are so generally considered as tantamount to vindictive damages, as to authorize us to so regard the meaning of the court, and certainly that such was the understanding of the jury from the fourth instruction.

It would be impossible for us to define what would be the actual damages for the personal injuries, sufferings, and the permanent disabling of the right arm, as in this case, and the injury by reason thereof to plaintiff, in prosecuting his calling as an artist. The surgeon's bill, and compensation for loss of time, would be but minor elements; therefore, a very large discretion must be left to the jury to estimate the compensa-

tory damages which should be awarded, to be governed in each case by its own peculiar facts; and unless the finding is outrageous, or manifests that the jury have departed from the mere compensation to the plaintiff, by way of punishing the defendant, in cases where the circumstances do not allow punishment, the verdict should not be disturbed.

To what extent punishment to the defendant entered into the consideration of the jury, under the fourth instruction, we cannot determine. As the facts did not authorize punishment, the court should have restricted them to compensatory damages.

And for this error the judgment must be reversed, with directions to award a new trial, and for further proceedings in conformity to this opinion.