CASE 87—ACTION FOR PERSONAL INJURY—NOVEMBER 15.

# Jenkins v. Louisville & Nashville R. R. Co.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

NEGLIGENCE—FALLING OF PARTITION IN SLEEPING CAR—EVIDENCE—
PEREMPTORY INSTRUCTION.—Upon the trial of an action against
a railway company and a sleeping car company for injuries
alleged to have been caused to a passenger by the falling of a
partition in a sleeping car upon his head, evidence of the fall-
ing of the partition, the cause not being apparent, with result-
ing damage is sufficient to entitle the plaintiff to have the case
submitted to the jury.

O'NEAL & PRYOR AND W. B. DIXON FOR APPELLANT. (KOHN,
BAIRD & SPINDLE OF COUNSEL.)

The plaintiff was entitled to a submission of his case to the
jury upon proof that the partition between the berths fell and
struck him without any fault on his part upon the maxim,
*res ipsa loquitur.* Ray Negligence of Imposed Duties of Pass-
enger Carriers, 691, 694, 698; Railroad Co. v. Walrath, 38 O. St.,
461; White v. The Boston, &c., R. R. Co., 144 Mass., 404; Smith
v. British, &c., Packet Co., 16 Jones & S., 87; Same case, 86 N. Y.,
408; Mullen v. St. John, 57 N. Y., 567; Seybolt, Admx., v. N. Y.,
&c., R. R. Co., 95 N. Y., 562; Lowrey v. Manhattan Ry. Co., 99
N. Y., 158; Houser v. Cumberland, &c., R. R. Co., 30 Atl. Rep.,
906 (Md.); Memphis & O. River Packet Co. v. McCool, 83 Ind.,
392; Martin v. Dufalla, 50 Ill. App., 371; Yerkes v. Keokuk
Packet Co., 7 Mo. App., 268; Cummins v. Nat., &c., Co., 60 Wis.,
603; Kutz v. Or. N. Co., 20 Ore., 13; Penn. Co. v. Roy, 102 U.
S., 451; Thompson on Negligence, vol. 2, p. 1220; Louisville &
Portland R. R. Co. v. Smith, 2 Duv., 556; Central Pass. Ry. Co.
v. Kuhn, 86 Ky., 578; Hammill v. L. & N. R. R. Co., 93 Ky., 344;
Couadeau v. American Accident Co., 95 Ky., 280; Louisville Gas
Co. v. Gutenkuntz, 82 Ky., 432.

[43]

ZACH́ PHELPS FOR APPELLEES. (LYTTLETON COOKE FOR THE
L. & N. R. R. Co., AND PHELPS & THUM FOR THE PULLMAN
PALACE CAR CO., OF COUNSEL.)

1. It is not true as a matter of law that in every case the happening
   of an accident is sufficient to raise a presumption of negligence.
   This is limited and only applied to those cases where the sub-
   ject matter is peculiarly within the knowledge and peculiarly
   subject to the inspection and control of the defendants.

2. Even if it is true that a presumption of negligence arises, it is
   the duty of the trial court, where that presumption is over-
   weighed and taken away by the plain, undisputed, and un-
   equivocal evidence of the defendant, to interfere and protect
   the defendant, and it has the power to give a peremptory in-
   struction at the close of the evidence.

3. The sleeping car company is not a common carrier and the rule
   as to a railroad company can not be applied to it.

     Citations: Hughes v. Cincinnati, &c., R. R. Co., 91 Ky., 526,
   *et seq.;* Kentucky Central Ry. Co. v. Gerreiss, 14 Ky. Law Rep.,
   397; Mitchell v. Western Atl. R. R. Co., 30 Ga., 25; Herstine v.
   Lehigh Valley R. R. Co., 151 Pa. St. Rep., 244; McKinney
   v. Railroad Company, 124 Pa. State, 462; Farley v. Traction Co.,
   132 Pa. St., 58; Texas Pacific R. R. Co. v. Buchelew, 22d vol.,
   S. W. R., 994; Yarnell v. Kansas City, &c., R. R. Co., 21 S. W.
   R., ——; LeBarron v. East Boston Ferry Co., 11 Allen Rep.
   (Mass.), 312; Carpue v. London R. R. Co., 5 Q. B., 747; Stokes
   v. Saltonstal, 13 Pet., 181; Ware v. Gay, 11 Pick., 106; Dallem
   v. Handley, 2 Mar., 418; United Society, &c., v. Underwood, 11
   Bush, 265; Chiles v. Booth, 3 Dana, 566; Nance's Admr. v. N. N.
   & M. V..Co., 13 Ky. Law Rep., 554; Wadlington v. Same, 14 Ky.
   Law Rep., 559.

W. B. DIXON, FOR APPELLANT, IN RESPONSE TO BRIEF FOR APPELLEES.

    It is not contended by the appellant that the mere happening
of the accident will raise a presumption of negligence. There
must be more than this. What the appellant contends is, that
where an accident does happen, and when it is shown that that
accident consists in a part of the car falling, which, under
proper conditions, ought not to and could not fail, and when it is
shown that the appellant was injured thereby without fault on

his part, then the presumption of negligence arises which can
only be rebutted by showing how the accident occurred.

LYTTLETON COOKE IN A SUPPLEMENTAL BRIEF FOR APPELLEES.

The physical facts demonstrated that appellant was not and
could not have been injured as alleged and stated by him, and
therefore the action of the trial court in directing a verdict
for the appellees was proper. Elliott on Railroads, vol. 4, secs.
1703; 1702; Hunter v. N. Y., &c., R. R. Co., 116 N. Y., 615;
same case, 23 N. E. R., 9; San Antonio & A. P. R. R. Co., v.
Choate, 25 S. W. R., 180; Johns v. N. W. Mutual Relief Asso.,
90 Wis., 332; s. c. 63 N. W. R., 276.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellant brought this suit against the Louisville &
Nashville Railroad Company and the Pullman Palace Car
Company to recover damages for an injury alleged to have
been sustained while he was a passenger on one of the
railroad company's trains, and occupying a berth in the
sleeping car of the Pullman Company. He had paid to
the railroad company his fare from Nashville to Louisville,
and had also paid for and been assigned a berth in a car
of the Pullman Company; and he alleges that, while oc-
cupying his seat therein and leaning forward engaged in
reading, he received a violent blow on the back of his head,
caused by the falling of the headboard, or partition plank,
which separated the berth in which he was sitting from
that in front of him, and that by reason of this blow his
health and sight have become permanently impaired, and
that he has been compelled to incur large expense in try-
ing to be cured from the effects of the injury, which he
alleges was caused by the negligence and wrongful acts
of the appellees. The railroad company in its answer
denied every affirmative fact alleged in the petition; and
further alleged that, if appellant received the injury com-

plained of, it was wholly in consequence of his own negli-
gence and misconduct. The Pullman Company filed its
separate answer, in which it denied all the affirmative
averments of the petition; and further averred that, at the
time of the alleged injury, it had furnished a suitable and
proper car, which was provided with all the necessary
and usual safeguards for the protection and comfort of
its passengers; that the partition planks, or headboards,
provided in the car, were adjusted and put in place after
the usual and customary manner, and were provided with
all the safeguards and protections known to the most
skillful manufacturers of such cars and of such partition
planks, or headboards; that it had also provided a compe-
tent and skillful employe to put the headboards, or parti-
tion planks, in place, and that at the time the accident is
alleged to have occurred he had placed in its place, in the
customary and proper manner, the headboard which is
claimed to have fallen on appellant; and that, if any
injuries were received by the appellant from the falling
of this headboard, they were received without negligence
on its part. The pleadings being made up, and the case
tried, at the conclusion of the testimony the circuit judge
gave to the jury a peremptory instruction to find for the
defendants, and judgment was entered accordingly, and
we are asked on this appeal to reverse that judgment.

Upon the trial appellant testified that while he was sit-
ting in the seat of the berth that had been assigned to
him, leaning forward, reading, the partition plank, or head-
board, which divided the berth he occupied from the one
in front of him, suddenly, and without previous warning,
fell and struck him on the head; that the blow knocked
him down between the seats of the berth, and that the
porter and the occupant of the berth directly opposite

took the headboard off of him and replaced it; that as the
immediate result of this blow on the head he experienced
considerable pain and sickness of the stomach, which re-
sulted in vomiting and quite a severe contusion; that
when he arrived in Louisville on the next day he consulted
with Dr. Skinner in regard to his injury, who examined
him, and prescribed for him, after seeing him twice; that
shortly afterwards he left Louisville, and went to Hender-
son, Ky., where he consulted Dr. Dixon, who examined
him and treated him for the same injury; that as a result
of the injury he has been compelled to abandon his pro-
fession as a dentist, and has experienced great suffering
and permanent injury to his health.   H. M. Tindel testi-
fies that he had been sitting talking with appellant in his
berth some time; that between 9 and 10 o'clock he retired
to his own berth, which was opposite that of appellant; that
he left appellant sitting up reading a book, and that a short
time after he had retired he heard the noise of something
falling; that he looked across, and saw that the head-
board between the berth occupied by appellant and the
one immediately in front had fallen down, and was lying
upon the back and head of appellant, who had been knock-
ed down between the seats, on his hands and knees; that
he called the porter, who came back from the front end of
the car, and placed the board in its proper position; that
he observed that the appellant was looking very pale, and
that he complained of being sick at the stomach during
the night.   Dr. Skinner testifies that he saw appellant
the next day in Louisville, and that his attention was call-
ed to a tender spot and a little swelling on the back of
his head, and that he prescribed for him; that about 10
days afterward he saw appellant again, and that he looked
sick and emaciated, and seemed quite feeble, and that he

thought the injuries resulting from the blow had developed into a form of meningitis, permanently impairing appellant's health. And substantially the same testimony is given by Dr. Dixon, who treated him after his return to Henderson.

It is insisted for appellees that it is shown by the uncontradicted testimony of their carpenter and the porter of the sleeping car that these headboards were so constructed and were so fitted in place (there being grooves in the board which fit upon projecting beads on the stationary part of the car) as to make it a physical impossibility for it to fall out of place, after it had been once properly put in and fastened, and that the uncontradicted testimony of the porter is to the effect that the board was not only placed properly, but was securely fastened; and it is further contended that, even if this board had fallen from its place, as claimed, it was a physical impossibility for it to have struck appellant as testified to by him; and that these physical facts present in the case are sufficient to overcome the evidence of the witnesses who testified for the appellant, and to justify the peremptory instruction given by the court.

Even if it be conceded, from the testimony, that the mechanical contrivances for keeping this partition board in its place were the very best known, and were sufficient for that purpose, still the question remains, was it actually so placed and secured by the catches? The only witness who testifies on this point is the porter, and he admits that the board had in some way gotten out of its place, and no explanation is given by the testimony as to how this occurred. It is suggested that it was the work of appellant, and was a part of a scheme on his part to defraud appellee and the accident insurance company,

but, at best, this theory is based only on conjecture. There is no testimony that appellee unfastened these locks, or in any way tampered with the headboard; and, when this is coupled with the testimony that the board *did* in some way get out of its proper place, to appellant's injury, a presumption arises, in the absence of other satisfactory proof, of negligence on the part of appellees, for which they are liable. See Louisville & Portland R. R. Co. v. Smith, 2 Duv. 556; Cooley on Torts, p. 663; Ray on Imposed Duties of Passenger Carriers, p. 681; Railroad Co. v. Walrath, 38 Ohio St. 461 [43 Am. R., 433], and White v. Boston Railway Co., 144 Mass. 404 (11 N. E. 552). The rule has often been announced by this court that it is the province of the jury to determine the weight of evidence and the credibility of witnesses, and that where the evidence conduces in any degree to establish a right of recovery it is error to give a peremptory instruction to find for defendant. See L. & N. R. R. Co. v. Howard's Adm'r, 82 Ky. 212, and Hammill v. L. & N. R. R. Co., 93 Ky. 344, (20 S. W. 263). The testimony in this record is not of that conclusive and undisputed character where but one reasonable inference can be drawn from it, and the application to this case of the rules of law laid down for the guidance of courts in cases of conflicting testimony authorized its submission to the jury. For the reasons indicated the judgment is.reversed, with directions to grant the appellant a new trial, and for proceedings consistent with this opinion.