### ALICE E. WHITE *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk. March 4. — May 7, 1887. FIELD, C. ALLEN, & GARDNER, JJ., absent.

In an action against a railroad corporation for personal injuries sustained by the plaintiff, while a passenger in the defendant's car, by the fall of the shade of a lamp affixed to the upper part of the car, the only evidence that the fall was occasioned by the defendant's negligence was the fact of the fall while the lamp was not lighted. *Held*, that, in the absence of evidence of any other cause of the accident, the jury were authorized to infer that the fall was caused by the insufficiency of the fixture.

TORT for personal injuries sustained by the plaintiff by the fall of a portion of one of the porcelain shades of a lamp fixed in the upper part of a car of the defendant, in which the plaintiff was a passenger, alleged to have been caused by the defendant's negligence.

Trial in the Superior Court, before *Knowlton*, J., who allowed a bill of exceptions, in substance as follows:

The whole of the evidence touching the question of the defendant's negligence was as follows: The plaintiff was a passenger on the train, and was a minor, about four years of age. The lady who accompanied and had charge of her testified that they took the train leaving Boston in the afternoon, on April 9, 1885, to go to Faneuil; that the lamps in the cars were not lighted; that before reaching Columbus Avenue station, which is the first station out of Boston, and two or three minutes' ride in the cars from it, she heard a crash over her head, and, an instant afterwards, several pieces of the porcelain shade fell from the upper part of the car into her lap; and that one struck the plaintiff on the face, and inflicted the injuries complained of. Another witness testified that she saw a piece of the shade falling, and saw it strike the child; that it came from the porcelain shade of a lamp directly overhead, and in the top of the car, which was a fixture in the car. A third witness testified that she saw pieces of the shade on the floor of the car, and saw the conductor take down the remaining portion of the porcelain shade, which he did by standing with his feet on the two opposite seats and reaching up to the lamp fixture in the top of the car. It appeared that, just after the accident, the conductor took the names of several witnesses to the accident.

The defendant rested its case, and upon this evidence requested the judge to rule that the plaintiff could not recover. The judge refused so to rule; and ruled that, upon the evidence, the question of the defendant's negligence was a question of fact for the jury.

The jury returned a verdict for the plaintiff in the sum of $5000; and the defendant alleged exceptions.

*Samuel Hoar*, for the defendant.

*W. Gaston & C. L. B. Whitney*, for the plaintiff, were not called upon.

W. ALLEN, J. If the shade was defective and unsafe, the question whether it was in that condition through the negligence of the defendant would be for the jury; and the fact that it broke and fell from the use for which it was intended would be evidence that it was defective and unsafe, and, if not explained

or controlled, would be sufficient evidence to authorize the jury to find that the defendant was negligent in regard to it. The fact that the act of the defendant, in placing and using the fixture in the car, caused the injury, would be evidence that it was caused by the negligence of the defendant.

The contention of the defendant is, that there was not sufficient evidence of that fact; and that it did not appear that the accident was not caused by the act of a stranger, or by some external force for which the defendant was not responsible.

We think that the question was for the jury, and that they were authorized to infer from the situation of the fixture, from the absence of evidence of any other cause of the accident, and the probability that there would have been such evidence had such cause existed, and from all the attending circumstances in evidence, that the accident must have been caused by the insufficiency of the fixture. It was not necessary that the evidence should show that it was impossible that there should be any other cause; it was sufficient if it satisfied the jury that there was none. *Ware* v. *Gay*, 11 Pick. 106. *Feital* v. *Middlesex Railroad*, 109 Mass. 398. *Kendall* v. *Boston*, 118 Mass. 234. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312.

*Exceptions overruled.*