J. F. PEASE FURNACE CO. v. KESLER et al.

(Supreme Court, Appellate Division, Fourth Department.   October 15, 1897.)

EVIDENCE—OPINIONS OF EXPERTS—WEIGHT.
    An expert's testimony is to be viewed in the light of his general knowledge of the subject of the particular case, his opportunity for examination as to the facts on which he bases his opinion, and the sufficiency of the reasons he gives therefor; and his opinion is not to be given, in the decision of the case, the same effect as the direct testimony, to a fact, of a witness who has personal knowledge of it.

Appeal from judgment on report of referee.

Action by the J. F. Pease Furnace Company against George W. Kesler and others on a note, in which the defense was that the note

was given in part settlement for a steam combination portable heater sold with a written agreement guarantying its capacity and efficiency. From a judgment entered on the report of a referee in favor of plaintiff, defendants appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

A. E. Kilby, for appellants.
Hiscock & Doheny, for respondent.

HARDIN, P. J. Upon a careful inspection of the evidence found in the appeal book, we are of the opinion that the learned referee fell into an error in finding that "the plaintiff erected said furnace and fully performed its said contract before the commencement of this action," and in finding "that the cause of the failure of said furnace to heat said apartments as specified was the neglect and failure of the defendants Augustus Kesler and Patrick H. Brown to furnish proper chimney draft for said furnace," and that such findings are against the weight of evidence. The referee may have reached such erroneous conclusions by failing to observe the principle laid down in Weber v. Railway Co., 12 App. Div. 512, 42 N. Y. Supp. 789, in which case it was said, viz.:

"The opinion of an expert witness is not to be given, in the decision of the case, the same effect as the direct testimony, to a fact. of a witness who has personal knowledge of it. The expert's testimony is to be viewed in the light of his general knowledge of the subject and of the particular case, his opportunity for examination as to the facts upon which he bases his opinion, and the sufficiency of the reasons he gives therefor."

Several rulings in rejecting and receiving evidence were challenged in the argument, but, as the questions involved therein may not arise upon another trial, we place our decision upon the ground already stated.

Judgment reversed, and a new trial ordered before another referee, with costs to the appellants to abide the event. All concur.