### HORN v. NEW JERSEY STEAMBOAT CO.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. CARRIERS—NEGLIGENCE—INJURY TO PASSENGERS.

    The fact that an upper berth in a steamboat falls and injures a passenger occupying the berth below makes out a prima facie case of negligence on the part of the common carrier, in the performance of its duty, to use the utmost care to protect its passengers from injury.

    Van Brunt, P. J., dissents.

2. OPINION EVIDENCE—HYPOTHETICAL QUESTIONS.

    In framing hypothetical questions to be put to a witness, counsel are not required to present all the facts which may have been made to appear.

3. OBJECTIONS TO EVIDENCE.

    If there is a well-founded objection to the form of a question put to a witness, and that objection is not taken, but an objection which is taken is not well founded, it is not error for the court to overrule the specific objection, and assume that the other was waived.

Appeal from trial term.

Action by Elizabeth Horn against the New Jersey Steamboat Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

W. P. Prentice, for appellant.
Nelson Smith, for respondent.

RUMSEY, J. On the evening of the 1st day of December, 1891, the plaintiff was a passenger on the defendant's steamboat Drew, on a trip from Albany to New York. During the night, while lying in a berth which had been assigned to her, the berth just above her, occupied by another woman, fell upon her, and she claims that she received injuries in consequence thereof. On the 1st of March, 1894, this action was brought to recover damages for those injuries. At that time, as the plaintiff claims, her injuries had become very serious. On the trial, which took place in 1897, the plaintiff recovered a verdict for $2,500. A motion for a new trial was made, which was denied, and judgment was entered upon the verdict, from

which, as well as from an order denying a new trial, the defendant has appealed.

The first question presented by the appeal is whether upon the whole case there was evidence of the defendant's negligence to go to the jury.    The defendant was a common carrier of passengers between Albany and New York.    As such, it was its duty to use the utmost care to protect its passengers from injury while they were aboard its steamers.    Failure to exercise such care is negligence. The plaintiff applied for a berth, and one was assigned to her, to which she retired.    All that she knows about the occurrence is that, at a very early hour in the morning, the berth above fell upon her, and that she was injured by it.    It appears in evidence that such an accident is one that very rarely happens, but that it has been known to occur on the Drew several times.    Ordinarily, if due care is exercised in keeping berths in proper condition, no such accident could be expected.    When it does take place, the fact of the accident itself establishes that something out of the common order of events has happened, either because of a defect in the berth or its appurtenances, or because of some outside interference with the berth, which caused it to fall.    One of those two things must have caused the accident.    The condition of the berth and the manner of its construction, and whether that construction is a proper one, and safe for the purposes for which it was intended, are matters peculiarly within the knowledge of the defendant, and not at all within the knowledge of the plaintiff.    In the nature of things, all that the plaintiff could know was that, upon asking for accommodations she was assigned to this place, which it was the duty of the steamboat company to keep in a proper condition for her, and that, while she was thus occupying it, it fell, and the accident happened to her.    When she showed that, she had shown enough prima facie to make it appear that there was something wrong about the berth, and thus to establish that the accident was caused by the negligence of the defendant.    Edgerton v. Railroad Co., 39 N. Y. 227, 229; Miller v. Steamship Co., 118 N. Y. 199, 23 N. E. 462.    It then became obligatory upon the defendant to give evidence as to the manner of construction of the berth and its condition at the time of the accident; and, upon all that evidence, the question arose whether the defendant had performed its duty towards the plaintiff, by furnishing her a safe place in which to sleep. Whether this question is to be determined as one of fact or of law depends, of course, upon the nature of the evidence produced.

In this case there was evidence on the part of the defendant showing that the berth was properly constructed; that there was no defect in it; and that berths thus constructed were very rarely known to fall.    But it was also made to appear by the evidence of the defendant that berths on its boats had fallen several times.    The evidence on the part of the defendant as to the condition of this berth and its situation after it fell differed considerably from the testimony of the plaintiff in regard to the same matters.    The plaintiff testified that the whole of the berth fell upon her, with the person who was occupying it, and that all four corners of it were out of

the sockets, so that the whole berth lay upon her when it fell. The evidence of the defendant tended to contradict this, and to show that the only portion of the berth which fell was one corner, which by some means had slipped out of its socket; but whether this was the true account of the extent to which the berth fell was a question for the jury. The testimony even of the defendant's witnesses left some doubt upon that point. But whether the whole of the berth fell, or only one corner of it slipped out of its socket and fell, was of considerable importance, as bearing upon the question whether the berth was or was not properly constructed. It was the duty of the company to furnish such a berth so arranged that one who was in it, and above the plaintiff, could not by any natural motion or usual movement of a sleeping person, or of one getting in or out of her berth, cause it to fall. In this case they were only relieved from liability if the fall of the berth was caused by some unusual motion or action of the person who was in it. Whether it was so caused was not made to appear. The only evidence upon that point was a suggestion of one of the witnesses that the fall of the berth might have been caused by the pressing of the knees of the person in it against the side of the boat. and thus springing the two sides of the berth so far apart that the slats slipped out of the sockets, and fell. But, even if that hypothesis be adopted, it did not relieve the defendant. Such a pressing of the knees could not be said to be unforeseen or unusual, and the berth should have been made sufficiently strong to have resisted it: and it was a question for the jury whether it was made sufficiently strong to answer the ordinary purposes. Upon that question they were authorized to take into consideration the fact that it did fall, and what was said about it by the defendant's witnesses, and to come to a conclusion from all the testimony whether the berth was properly constructed and properly kept in repair. It must be remembered that the defendant's witnesses were interested as the plaintiff was, although perhaps not to an equal extent. It was for the jury to say what weight they would give to that testimony, and also how far, if at all, they were to consider the testimony, in view of what must be said, upon an examination of the case, to be some manifest contradictions and inconsistencies between the testimony of the several witnesses of the defendant, considered entirely apart from that of the plaintiff. Upon the whole case, while the evidence was slight, yet we think there was sufficient to enable the jury to conclude that the defendant was negligent, and thus warrant a verdict for the plaintiff.

It is objected that the injuries to the plaintiff were not sufficiently proved, and the specification under that objection is that while the plaintiff herself testified to the serious condition in which she was, and the immediate results of the injury which she claimed caused that condition, the connection between the injury and the plaintiff's condition was only made by a hypothetical question, which the defendant says was inconsistent and erroneously allowed. The objection to the question was specific, and only to the form. As stated by the counsel for defendant, it was "to the form as being

supposed or alleged to be founded upon facts, which facts have not appeared in evidence"; "if it be an hypothesis, it is not upon material and relevant facts to this inquiry"; "that there is no evidence before the court on which the witness is competent to give opinion upon which he can found an answer, and as indefinite, because other necessary facts are not stated with it,"—specifying those facts. A consideration of this objection shows that it is equivalent simply to claiming that the hypothetical question was faulty either in being based upon facts that did not appear, or as omitting facts which had been made to appear by the testimony.   Neither of these objections was well founded.   In framing hypothetical questions to be put to a witness, counsel are required to confine themselves to facts which are proven, or which the jury might find, or any facts which might be assumed from the evidence already in the case, and which are pertinent to the theory they are attempting to uphold.   Dilleber v. Insurance Co., 87 N. Y. 79.   But counsel are not called upon, in framing a hypothetical question, to present all the facts which have been made to appear.   If they keep within the facts and fair inferences from them, they have done all that can be required; and the hypothetical question thus framed is not objectionable.   If the question omits facts which are material and pertinent to the inquiry, that is a subject of comment to the jury, and, so far as those facts are omitted, the weight to be given to the testimony elicited by the question is impaired; but that does not at all affect the competency, however much it may affect the conclusions the jury are to draw from the answer.   An examination of the question which was objected to will show that every fact assumed in the question might have been found by the jury from the evidence which had already been made to appear.   The objection taken was properly overruled. No other objection was made to the form of the question, and, indeed, none stated, except that the witness was not competent to answer, which was clearly unfounded.   In view of the fact that the only objection taken to the form was the one considered, we are not called upon to examine the question in any other respect.   If there is a well-founded objection to the form, and that objection is not taken, but the objection which is taken is not well founded, the court does not err in overruling the specific objection, and assuming that any other which might have been taken, but which was not, was waived.

A careful examination of the testimony in this case has led us to conclude that the verdict was not against the evidence.   As we have already seen, there was sufficient to warrant the finding of negligence.   There is evidence to support the finding that the plaintiff received injuries, and that those injuries caused the lamentable condition to which she was subsequently reduced; and, while in some respects the evidence is unsatisfactory. yet we cannot say that it was not such as the jury should have received and acted upon.

There was great delay in bringing the action, but the plaintiff explains that by saying that she was advised to defer doing so until it could be seen just how far her injuries would prove to be serious; and that explanation was a plausible one, and whether it could be accepted or not was clearly a question for the jury.   If they be-

lieved that the injuries to the plaintiff were as serious as her evidence made it appear that they were, it is quite clear that the verdict was not excessive.

For all these reasons, we conclude that the judgment and order were correct, and should be affirmed, with costs to the respondent. All concur, except VAN BRUNT, P. J., dissenting.

VAN BRUNT, P. J.    I dissent from the opinion of the court in this case.    I do not think that the rule laid down by the opinion in regard to the hotel appliances of the defendant's steamer is correct. No more care is required in respect to those appliances than is required of an hotel keeper in taking care of his guests upon land.    In that respect the relation of the traveler to the carrier is precisely the same as that of the guest of an inn to the innkeeper.    In addition, however, to board and lodging, the carrier affords the passenger·transportation; and, in respect to the appliances for transportation, the carrier is bound to exercise the utmost care and diligence.