for defendant on demurrer, with costs to appellants to abide the event, with leave to the plaintiff to serve an amended complaint within 20 days. Decided on argument.

HEARST, Respondent, v. BERRI et al., Appellants. (Supreme Court, Appellate Division, First Department. January 14, 1898.) Action by William R. Hearst against William Berri and others. No opinion. The motion will be granted. Order to be resettled by showing that the dissolution of injunction is made as matter of right, and not as matter of discretion. Questions will be settled upon notice to the appellants. See 49 N. Y. Supp. 49.

HILSINGER, Respondent, v. WELLS, Appellant. (Supreme Court, Appellate Division, Third Department. January 20, 1898.) Action by John Hilsinger against Harrison Wells. No opinion. Judgment and order affirmed, with costs.

HILTON BRIDGE CONST. CO., Appellant, v. LEBANON SPRINGS R. CO., Respondent. (Supreme Court, Appellate Division, Third Department. January 5, 1898.) Action by the Hilton Bridge Construction Company against the Lebanon Springs Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., and LANDON, J., dissenting.

HOBBS et al., Respondents, v. EDGAR et al., Appellants. (City Court of New York, General Term. February 23, 1898.) Action by Frederick G. Hobbs and others against George Edgar and others. Philbin & Beekman, for appellants. Leventritt & Nathan, for respondents.

FITZSIMONS, C. J. I think that the jury was justified, upon the evidence submitted, in deciding that the plaintiffs were the brokers who procured for the defendant, Mr. Flint, who purchased for them the premises in Sixty-Ninth street, and therefore they were entitled to the usual commissions. The force of the insinuation, advanced by the defendants, "that the sale in question was induced by our Mr. Phillips, also a broker," in my opinion is dispelled by the testimony of Mr. Flint, the purchaser, who testified: "I went with Mr. Phillips to see some property that he had for sale, after that I suggested that my wife (who was then with Mr. Flint) should examine the Sixty-Ninth street house. Mr. Phillips suggested that he would go around there with me. I told him that I had already seen that house. He [Mr. Phillips] said, 'I will go there, if you have no objection.' I said I had seen the house already, through Mr. Birch [plaintiffs' co-partner], a few days before, and there was no need of his going unless he wanted to go, and then Mr. Phillips again said, 'If you have no objection, I will go down with you,' and I said, 'No.'" Mr. Flint said: "My going to see the Sixty-Ninth street house was of my own volition, and not Mr. Phillips'." Because of this testimony, I say that the defendants' insinuation (because their claim that Phillips was the procuring cause of the sale amounts to

nothing more than an insinuation) that Phillips was the broker in the transaction in question is rendered of no effect. It is plain from the evidence that Birch was the broker, and the only broker, in the matter, and that any services (if any) rendered by Phillips were rendered as a friend of Flint, and, as far as the defendants were concerned, that he was a mere intruder. Finding no error, the judgment must be affirmed, with costs. CONLAN, J., concurs.

HOLME, Respondent, v. STEWART et al., Appellants. (Supreme Court, Appellate Division, First Department. January 14, 1898.) Action by Maud V. B. Holme against John Stewart and others. H. A. Sperry, for appellants. J. H. Henshaw, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

HOLME v. STEWART et al. (Supreme Court, Appellate Division, First Department. January 14, 1898.) Action by Maud V. Holme against John Stewart and others. No opinion. Motion dismissed, with $10 costs.

HORN v. NEW JERSEY STEAMBOAT CO. (Supreme Court, Appellate Division, First Department. January 14, 1898.) Action by Elizabeth Horn against the New Jersey Steamboat Company. No opinion. Motion denied, with $10 costs. See 48 N. Y. Supp. 348.

HORTON v. FORTY–SECOND ST. R. CO. In re HORTON. In re ROGERS. (Supreme Court, Appellate Division, First Department. January 21, 1898.) Action by Charlotte A. Horton against the Forty-Second Street Railroad Company, and in the matter of Charlotte A. Horton and William C. Rogers. No opinion. Motions denied, upon payment of $10 costs, to enable appellants to apply in court below to open default.

HUGHES v. NEW YORK COLLEGE OF DENTISTRY. (Supreme Court, Appellate Division, First Department. February 11, 1898.) Action by Mary Hughes against the New York College of Dentistry. No opinion. Motion granted, with $10 costs.

JACKSON et al., Respondents, v. NICOL et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 21, 1898.) Action by Henry H. Jackson and others, as executors, etc., against Ann Nicol and Herbert M. Muxlow. No opinion. Motion for reargument denied, with $10 costs. See 48 N. Y. Supp. 974.

J. F. PEASE FURNACE CO., Respondent, v. KESLER et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October Term, 1897.) Action by the J. F. Pease Furnace Company against Augustus Kesler and Patrick H. Brown. No opinion. Judgment reversed, and a new trial ordered before another referee, with costs to the appellants to abide the event. (See memorandum of HARDIN, P. J., in J. F. Pease Furnace Co. v. Kesler, 21 App. Div. 631, 47 N. Y. Supp. 473.)