## Walter S. Cramblet v. The Chicago & N. W. Ry. Co.

1. NEGLIGENCE—*Prima Facie Case—Shifting the Burden of Proof.*— In a suit by a passenger against a carrier for an injury, the mere proof of the accident by which the injury was occasioned is sufficient to throw the burden on the carrier to show that he exercised due care.

2. SAME—*Inferences—Absence of Vis Major.*—When there is an absence of *vis major*, and it is shown that the injury happened from the abuse of agencies within the defendant's power, it will be inferred from the mere fact of the injury that he acted negligently.

· **Action in Case;** for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for defendant by direction of the court; appeal by plaintiff. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed May 8, 1899.

E. E. OSBORN, attorney for appellee; LLOYD W. BOWERS and A. W. PULVER, of counsel.

The plaintiff having by his pleading planted himself upon the claim that the negligence complained of consisted in

carelessly and improperly attaching a lantern to the back of the rear car, he can not recover upon any other theory. Price v. R. Co. (Mo.), 3 A. & E. R. R. C. 365; R. Co. v. Wright, 49 Neb. 456, and cases there cited.

F. S. McELHERNE and A. B. MELVILLE, attorneys for appellant, contended that the rule arising out of the maxim *res ipsa loquitur*, shifting the *onus probandi* from· plaintiff to defendant, applies to this case. That the plaintiff made a *prima facie* case such as required rebuttal on the part of the defendant and that the defendant having failed to introduce any exculpating or explanatory evidence, in fact·having demurred to the evidence, the court should have allowed the case to go to the jury.

Conceding that carriers of passengers are not insurers against injury as in the case of carriers of goods (except as against the acts of God, etc.), and that as a general rule the burden of proof is upon the plaintiff, in personal injury cases, to show negligence on the part of the defendant, yet the doctrine *res ipsa loquitur* (the thing speaks for itself, or rather literally, the thing itself speaks) and out of which arises the rule that under certain circumstances (both in actions resting in contract and in tort) "the very nature of the accident or transaction may itself and through the presumption it carries supply the desired proof" (Whart. on Neg., Sec. 421), is a doctrine that passed down to us as part of the common law of England, and though the cases to which the rule is applicable have in no part of the world been of frequent occurrence, yet it has ever been the law of this land.

It is only as it applies to actions in tort that we have to deal with it in this brief, of course, and in this field it applies in those personal injury cases in which the circumstances of the accident constitute such *prima facie* evidence of negligence as will shift the *onus probandi* to the defendant to show by exculpating or explanatory evidence that he is not guilty of the negligence thus presumed.

Referring to English cases, we find that in Byrne v.

Boadle, 2d Hurlst & Cole, 722, the court held that the falling of a barrel of flour from a window upon a pedestrian below constituted sufficient *prima facie* evidence of negligence for the jury to cast on the defendant the *onus* of proving that the accident was not caused by his negligence.

Where the injury was caused by six bags of sugar falling down upon the plaintiff " There must be reasonable evidence of negligence. But where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." Scott v. London & St. Docks Co., 3 Hurlst & Cole, 596; Kearney v. London B. & S. C. R. Co., L. R. Q. 5, Q. B. 411.

Where a brick had fallen from the wall of a railroad bridge upon the plaintiff while passing along the highway under the bridge, and where there was no positive evidence as to what caused it to fall, the Court of Queen's Bench held that it was a case in which the maxim *res ipsa loquitur* was applicable, and that there was a *prima facie* case of negligence, and upon appeal to the higher court, the judge delivering the opinion said : " We are all of the opinion that the judgment of the Queen's Bench must be affirmed. The Lord Chief Justice in the court below said *res ipsa loquitur*, and I can not do better than refer to that judgment," etc.

Where plaintiff was pushed from the door of a building in which defendant had offices, by the latter's servant, who was watching a packing case belonging to his master, and which was leaning against the side of the building, the plaintiff falling and the packing case falling upon and injuring his foot, and although there was no evidence as to who placed the packing case against the building or what caused it to fall, the court held that there was a *prima facie* case against the defendant to go to the jury. Briggs v. Oliver, 4 Hurlst & Cole, 403.

Cramblet v. Chicago & N. W. Ry. Co.

Such is the law of England in reference to the doctrine *res ipsa loquitur* as applied to personal injury.

Now, passing from England to this country, we find that as our courts were called upon for the first time to pass upon this doctrine they, without the exception of a State, adopted the law of England as above stated and declared it to be the law of this country.

In Augusta & S. R. Co. v. Randall, 79 Ga. 304, and wherein the constitutionality of a certain section of the Code was under consideration, the court said: "This presumption that where the plaintiff has shown that he was a passenger, and was hurt or damaged by the running of the railroad company's trains or machinery, the company was negligent is a common law presumption—and has been the law of England and this country all the time."

Where the relation of passenger and carrier existed and where the passenger's arm was broken while protruding from the window of the car, by striking a bridge, the court said: The mere happening of an injurious accident raises *prima facie* presumption of neglect and throws upon the carrier the *onus* of showing it did not exist. Laing v. Calder, 8 Pa. St. 479, 49 Am. Rep. Dec. 533. So where a passenger was injured by a bar projecting from a passing construction train. Walker v. Erie R. Co., 63 Park, 260.

The case of Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530, was not only the first New York case in which this doctrine is passed upon, but is considered one of the leading cases in this country upon this question. Here the injury of the plaintiff, who was upon the sidewalk, was caused by the falling wall of a building in the absence of any special circumstances of storm and violence. The court said: "There was some evidence tending to show that it was out of repair. Without laying any stress upon the affirmative testimony, it is as impossible to conceive of this building so falling unless it was badly constructed or in bad repair as it is to suppose that a seaworthy ship would go to the bottom in a tranquil sea and without collision. The mind necessarily seeks for a cause for the fall. This appar-

ently is the bad condition of the structure. This again leads to the inference of negligence which the defendant should rebut."

Where some object scraping along the side of the car injured a passenger's arm, as it rested upon the sill of an open window, it was held that there was presumption of negligence on the part of the railroad company. Holbrook v. Utica & S. R. Co., 12 N. Y. 236, 64 Am. Dec. 502, affirming 16 Barb. 113. And where a passenger was injured by a swinging door of a passing freight car. Breen v. N. Y. C. & H. R. R. Co., 11 Cent. Rep. 891.

Where a seaman working on the deck of a vessel was injured by iron ore falling from a bucket attached to a crane upon defendant's vessel, which was being unloaded at the time, the court said: "The accident itself was of such a character as to raise a presumption of negligence, either in the character of the machinery used, or in the care with which it was handled; and as the jury found that the fault was not with the machinery, it follows that it must have been with the handling, otherwise there is no rational cause shown for its happening. Cummings v. National Furnace Co., 60 Wis. 603.

The fall of a roof, which slipped or tipped to one side while being raised by jack screws, creates a presumption of negligence in failing to brace or stay it sufficiently, and in the absence of explanatory proof will sustain a recovery for the resulting death of an employe against the one whose duty it was to see that the roof was properly braced. Barnowski, Adm'r, etc., v. Helson, 15 L. R. A. 33.

In the recent case of Howser v. Cumberland & Penn. R. Co. (Md.), 27 L. R. A. 154, where plaintiff while walking near right of way of defendant was struck by ties sliding from a passing freight car, the court say: "Thus when the circumstances are of such a nature that it may be thoroughly inferred from them that the reasonable probability is that the accident was occasioned by the failure of appellee to exercise proper caution, which it readily could and should have done, and in the absence of satisfactory explanation on

the part of appellee, a presumption of negligence arises against it."

In Illinois, this rule, arising out of the doctrine *res ipsa loquitur*, and shifting the burden of proof from plaintiff to defendant in certain classes of personal injury cases, was held to be in force in this State at an early day. G. &. C. U. R. R. Co. v. Yarwood, 15 Ill. 468, 17 Ill. 509. See also Sack v. Dolese et al., 137 Ill. 129; G. & C. U. R. R. Co. v. Fay, 16 Ill. 558; Lavis v. W. C. R. R. Co., 54 Ill. App. 636; P., C. & St. L. Ry. Co. v. Thompson, 56 Ill. 138; P. P. & J. R. R. Co. v. Reynolds, 88 Ill. 418; Eagle Packet Co. v. Defries, 94 Ill. 598; North Chicago St. Ry. Co. v. Cotton, 140 Ill. 486; Atchison, T. & S. F. R. R. Co. v. Elder, etc., 50 Ill. App. 276; I. C. R. R. Co. v. Phillips, 49 Ill. 234; 55 Ill. 194; Howser v. Cumb. & P. R. R. Co. (Md.), 27 L. R. A. 154.

The following recent and leading cases from other States serve to show the trend of the decision establishing this doctrine as the universal law in this country. Barnowski v. Helson (Mich.), 15 L. R. A. 33 (decision 1891); Thomas v. Phil. & R. R. R. Co. (Pa.), 15 L. R. A. 416 (decision 1892); Hendrickson v. G. N. R. R. Co. (Minn.), 16 L. R. A. 267 (decision 1892); Spellman v. L. R. Tran. Co. (Neb.), 20 L. R. A. 316 (decision 1893); Fredericks v. N. C. R. R. Co. (Pa.), 22 L. R. A. 306 (decision 1893); Carrico v. W. Va. R. R. Co. (Va.), 24 L. R. A. 50 (decision 1894); Howser v. Cumb. & P. R. R. Co. (Md.), 27 L. R. A. 154 (decision 1894); Budd v. Carriage Co. (Ore.), 27 L. R. A. 279 (decision 1894).

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellant, March 9, 1894, became a passenger on appellee's train at Ravenswood in this county, to be carried thence to Chicago. Appellee's terminal depot in Chicago is at Fifth avenue. Appellant testified as follows:

"When the train drew near Clinton street I stepped to the door and stood there, on the inside of the door, until the train stopped. When the train stopped at Clinton street I then stepped out of the door onto the platform and down onto the lower steps with the intention of getting off, when

I noticed a passenger train backing out on that side. I turned my head and was in the act of going back, stepping back to get off on the other side, and before I could do so —before I had a chance to step back—a large lantern fell from above, which lantern—I believe they are commonly called 'bull's eye,' a heavy lantern which is attached on the end of the rear of the car—fell down, striking me on the nose, cutting my nose open and knocking me back across the edge of the first step, bruising me in the side and injuring my nose; cutting it open."

He further testified that the lantern was attached to the rear end and close to the side of the car. This testimony of appellant is corroborated by that of another witness. There is not a regular station at Clinton street, but the evidence is that the train stopped there. One of appellant's witnesses testified that the incoming trains always stop at Clinton street, and that a great many people got off there. This evidence was stricken out by the court, erroneously, as we think, but as no exception was taken to the striking out of the evidence we can not consider it. The evidence tends to prove that appellant was injured. At the close of appellant's evidence appellee's counsel moved the court to take the case from the jury, which motion the court overruled and directed counsel to proceed with the argument, but after counsel for appellant had concluded his opening argument, and counsel for appellee had commenced his argument, the following occurred:

The court: " I think I shall have to interrupt you. Neither mechanics nor nature has reached a point at which accidents can not happen. There must be some proof tending to show why this lamp fell; there must be some proof that it was insecurely fastened. I do not think the mere falling of a lamp is proof of negligence; somebody might have bumped against it; it does not even appear that anything was broken. I think I will give an instruction. The jury are instructed to find the defendant not guilty."

The jury returned a verdict as directed, a motion for a new trial was made by appellant and overruled, and judgment was rendered on the verdict.

The remarks of the court will be better understood by

referring to the statement in the declaration of the cause of the accident, which is as follows:

"That while plaintiff was passing through said car across the car platform onto the ground in the proper and correct manner, and before he had reached the ground, and while the plaintiff was using all due care and caution for his own safety, a large and heavy lamp known as a 'Bull's Eye,' which had been by the defendant negligently and carelessly attached to the rear end of the said train, from which this plaintiff was about to alight, fell from its fastenings because of the negligence of the defendant in carelessly and improperly attaching and maintaining said 'bull's eye' on the back of the rear car, down upon the plaintiff, striking him in the face, bruising and cutting plaintiff's face," etc.

The court was evidently of opinion that from the falling of the lamp the jury could not legitimately infer that it was negligently and insecurely attached to the car, and that there must be some direct affirmative proof of that fact, and so appellee's counsel contend.

Counsel for appellee argue that the meaning of the averment of the declaration quoted *supra*, is that there was negligence in the mere act of keeping a bull's eye (meaning the lamp) in the place where it was. We do not so understand the averment. The negligence averred is the carelessly and negligently attaching the lamp to the car. The language is that it "fell from its fastenings, because of the negligence of the defendant in carelessly and improperly attaching and maintaining said bull's eye," etc. Counsel also argue on the hypothesis that the train was moving at the time of the accident. The evidence is that the train stopped at Clinton street, and appellee's attorney stated on the trial that appellee's trains are compelled to stop there because of the crossing of the C., M. & St. P. tracks. On the hypothesis that the train stopped at Clinton street and, as appellee's attorney substantially admitted, always stops there, we do not understand counsel to contend that appellant in going onto the platform, for the purpose of alighting from the train, was guilty of negligence as matter of law, and we think it clear that he was not. Penn. Co. v. McCaffrey, 173 Ill. 169.

But counsel contend that to warrant a recovery there must have been direct affirmative evidence that the lamp was negligently and insecurely attached to the car; that this can not be legitimately inferred from the fact that it fell. Counsel seem to admit that, under a general averment of negligence, proof that the appellant was a passenger, and was injured while in the exercise of ordinary care, would make a *prima facie* case of negligence on the part of appellee and shift the burden of proof to appellee; but that specific negligence being averred, viz., the careless attachment of the lamp to the car, direct and specific proof must be made by appellant of the specific negligence averred. The same point seems to have been made in N. C. St. R. R. Co. v. Cotton, 140 Ill. 486. In that case, the court say: " In many cases it has been held that in a suit by a passenger against a carrier for an injury, the mere proof of the accident by which the injury was occasioned is sufficient to throw the burden on the carrier to show that he exercised due care, and there seems to be a very general concurrence of authority that, when there was an absence of *vis major*, and it is shown that the injury happened from the abuse of agencies within the defendant's power, it will be inferred from the mere fact of the injury that the defendant acted negligently." After citing cases in support of this proposition, the court proceeds thus: " But it seems to be contended that, even admitting that a presumption of negligence arises from mere proof of the plaintiff's injury and its cause, it does not follow that there is any presumption of the specific negligence alleged in the declaration. Even if it be admitted that the presumption is one of negligence generally, and not of any specific negligence, we think it sufficient to throw upon the defendant the burden of rebutting the specific negligence alleged." In the present case the lamp, or bull's eye, was in the control and management of appellee; it was placed where it was by appellee's servants. The uncontradicted evidence is that it fell. There is no pretense that its fall was caused by *vis major*. The proof, we think, was clearly sufficient to cast on appellee the burden of disproving negligence, and that

in the absence of such proof the jury would have been justified in finding that it fell because of having been carelessly and improperly attached to the car.

In White v. B. & A. R. R. Co., 144 Mass. 404, the evidence was that a porcelain shade fell from the top of the car on the face of the plaintiff, a minor about four years of age, and injured her face. This was substantially all of the evidence. The court say :

" The contention of the defendant is that there was not sufficient evidence of that fact; and that it did not appear that the accident was not caused by the act of a stranger, or by some external force from which the defendant was not responsible. We think that the question was for the jury, and that they were authorized to infer from the situation of the fixture, from the absence of evidence of any other cause of the accident, and the probability that there would have been such evidence had such cause existed, and from all the attending circumstances in evidence, that the accident must have been caused by the insufficiency of the fixture. It was not necessary that the evidence should show that it was impossible that there should be any other cause; it was sufficient if it satisfied the jury that there was none."

Numerous other authorities might be cited on the doctrine of presumption from facts similar or analogous to those in the present case, but the law on the subject is familiar to practitioners, and we think further citation is unnecessary. We are of opinion that the court erred in taking the case from the jury; therefore, the judgment will be reversed and the cause remanded.