`(67 App. Div. 363.)

### ALLEN v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—RES IPSA LOQUITUR.

> Where a passenger on a street car was injured by the falling of a fire extinguisher fastened to the side of the car some 20 inches over her head, proof of such accident established a prima facie case of negligence against defendant entitling plaintiff to recover, in the absence of evidence explaining the occurrence.

Appeal from trial term.

Action by Ida Allen against the United Traction Company. From a judgment dismissing plaintiff's complaint at the close of the case, she appeals. Reversed.

Upon the 27th day of February, 1900, the plaintiff, while a passenger upon one of defendant's cars, was injured by the fall of a metal fire extinguisher placed in said car by the defendant. This fire extinguisher was a metal tube 14 inches long and 2 inches in diameter, and was filled with a chemical powder. It weighed 24½ ounces. It was attached to the front of the car, near the top of the door, on the right-hand side; the tube of said extinguisher being suspended 20 or more inches above the head of the plaintiff. From the top of the extinguisher there extended a small loop. One end was attached to the extinguisher, the other to a screw inserted in the side of the car. The bottom of the extinguisher rested upon a metallic plate, also attached to the car. The loop above referred to was a piece of cord or wire, which the jury might have found was broken. After the extinguisher had fallen and struck the plaintiff, it then fell to the floor. The plaintiff swears that she noticed the condition of the wire or cord, and that the ends were frayed and ragged.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Fellows & McElwain, for appellant.

Rosendale & Hessberg, for respondent.

SMITH, J. Had this extinguisher been securely fastened, plaintiff would not have suffered injury. Its fall must have been due either to negligent fastening originally or to a negligent maintenance of a fastening originally sound. The fastening was beyond the reach of ordinary interference by those going to and from the car. That an outsider should have interfered and rendered insecure this fastening is most improbable. Without deciding, then, the degree of care required of the defendant in securing this extinguisher, we are clearly of the opinion that the circumstances surrounding the happening of the accident point to some negligence on the part of the defendant which called for its explanation. The doctrine of res ipsa loquitur has received recent consideration from the courts, and the doctrine given a liberal construction.

In Breen v. Railroad Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450, the rule is thus stated:

> "There must be reasonable evidence of negligence, but when the thing causing the injury is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the

defendant, afford sufficient evidence that the accident arose from want of care on its part." .

In Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, the cases are examined, and the rule above stated is approved. The opinion in part reads:

"The maxim is also in part based on the consideration that, where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present."

These views have been recently reiterated in this department in the case of Fink v. Slade (decided at the November term; 72 N. Y. Supp. 821), and also find support in analogous cases in this and other states. In White v. Railroad Co., 144 Mass. 404, 11 N. E. 552, it is held that there is a presumption of negligence where a passenger is injured by the falling of a lamp shade. In Och v. Railway Co., 130 Mo. 27, 31 S. W. 962, 36 L. R. A. 442, presumption of negligence was held to arise where the injury was caused by the falling of a ventilator window. In Horn v. Steamboat Co., 23 App. Div. 302, 48 N. Y. Supp. 348, it was held that the falling of an upper berth from unexplained cause was prima facie evidence of negligence on the part of the steamboat company. See, also, Gerlach v. Edelmeyer, 47 N. Y. Super. Ct. 292, affirmed 88 N. Y. 645; Wolf v. Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241; Stewart v. Ferguson, 52 App. Div. 317–320, 65 N. Y. Supp. 149. Within these authorities we think the learned court below was in error in dismissing plaintiff's complaint.

Judgment reversed, and a new trial granted, with costs to appellant to abide event. All concur; PARKER P. J., and CHASE. J., in result.