test and accepting or rejecting the well within the prescribed period, so that the plaintiff might try again in his undertaking. While the gravamen of the agreement was to secure the desired well, yet the strict obligation imposed upon the plaintiff must be construed in the light of the burdens accepted by the defendants. They have slumbered on their rights, and have made what might have proved a fruitless experiment a valuable one to the plaintiff. The order should be reversed.

Order reversed, with costs and disbursements of this appeal, and motion for new trial denied. All concur.

(109 App. Div. 770)

### WOOD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. December 5, 1905.)

1. CARRIERS—INJURIES TO PASSENGER—NEGLIGENCE—EVIDENCE—QUESTIONS FOR JURY.

The front part of defendant's car was equipped and used for passenger service only, the rear part being used for baggage. Along and parallel with the sides of such rear part were seats, with upright slats extending from the floor to the roof of the car between the back of the seats and the sides of the car. Plaintiff entered the forward compartment, and on complaining to the conductor that it was cold, the latter directed one of the train hands to build a fire in the stove in the rear compartment, which plaintiff thereupon entered, taking a seat near the stove; the conductor taking up his ticket from such seat. While sitting there, plaintiff rested his arm on the back of the seat, and, without noticing it, extended his elbow back between two of the upright slats. While in this position, the door of the baggage compartment was slid back, passing between the slats and the sides of the car, striking and injuring plaintiff's elbow. *Held*, that it could not be said, as a matter of law, that the place provided by defendant was as safe as could have been procured, and that the question was for the jury.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1190.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

The result which would naturally follow from the opening of the door was not so obvious as to charge plaintiff as a matter of law with contributory negligence for not taking notice of the situation and for sitting with his elbow through the slats.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1375, 1380, 1402.]

Appeal from Trial Term.

Action by Mark E. Wood against the New York Central & Hudson River Railroad Company. From a judgment of nonsuit, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

The action is brought to recover damages for personal injuries sustained by the plaintiff while riding as a passenger in a baggage car on the defendant's road. The car was divided into two compartments, the forward one for passengers and the rear one for baggage. On either side of the baggage compartment was a sliding door, through which baggage was received and discharged. There was also on either side a seat running lengthwise of the car, and behind each seat were slats running vertically to the top of the car and about five ·inches apart. The sliding doors, when opened, passed behind such slats and between them and the side of the car. While riding upon one of such seats, the plaintiff's elbow was inserted between the slats behind the seat, and in the opening of the sliding door on that side by one of the

trainmen, the elbow was jammed between it and the slats, and the plaintiff thus received the injuries of which he complains. At the close of the plaintiff's case, the trial court granted a nonsuit, and from the judgment entered thereon, and from an order denying the plaintiff's motion for a new trial, this appeal is taken.

Argued before PARKER, P.J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Lynch & Davis and Wallace R. Foster, for appellant.
John B. Stanchfield and Halsey Sayles, for respondent.

PARKER, P. J. If that compartment of the car in which the plaintiff was riding at the time he was injured was used as a baggage car merely, it is probable that no negligence could be predicated against the defendant upon the theory that the seat in question was constructed in an unsafe and improper manner. The serious question is whether, as between this plaintiff and the defendant, it was not being used as a passenger car in which to transfer him to the place to which he was ticketed. All were freight cars, except the rear one on the train. That was in construction an ordinary passenger car, except that it was divided into two compartments—the forward half, or thereabouts, fitted with the usual passenger seats for two along the sides, with an aisle in the middle, and the rear part of the car fitted up as an ordinary baggage car, with a sliding door on either side. This train, however, was an accommodation train, so called, carrying both freight and passengers; and it was the evident purpose of the company to use the forward part of the rear car to carry passengers in, and to use the rear part as a baggage car and in which the trainmen should ride.

The plaintiff, upon taking the train at about 7 o'clock in the forenoon of September 24, 1903, entered at the rear end and walked through the whole length of this car. He found all of the seats for passengers in the forward end vacant. The morning was a very chilly one, and the car was cold. The method of heating that car was by a stove in each compartment. He went back into the rear part, and found the conductor there, and told him it was uncomfortably cold. The conductor thereupon directed one of the trainmen to build a fire in the stove that was in the rear compartment. No fire was built, or offered to be built, in the stove in the front compartment; but the fire was built as directed in the rear one. The plaintiff thereupon sat down on one of the seats near the stove, and the conductor soon afterwards took up the ticket on which he was traveling. There was at the time another passenger also riding in that compartment. While so sitting there, the plaintiff put his arm upon the back of his seat. Without his noticing it, his elbow extended back between two of the upright slats. One of the trainmen opened the door of that compartment on that side of the car, and in so doing shoved it with considerable force against the plaintiff's elbow that so protruded between the slats, and thus caused the injury to recover damages for which this action is brought. Under such circumstances, is not the defendant to be held to the same responsibility for the injury that it would be had it occurred in the front part of that car? I am of the

opinion that it should be.   It can hardly be said that the plaintiff voluntarily and without any reason, except his own curiosity, or some other impulse inspired entirely by his own desire, left the car provided for passengers and went into one in which it was not intended that passengers should ride.   It seems, rather, that he took his seat in the one that the conductor, at that time and in the emergency then confronting them, provided for him.   Rather than build a fire in both compartments the conductor seems to have concluded that one in the rear could be utilized for both trainmen and passengers, for the time being, at least, and so practically directed the plaintiff to take the seat which he did take.   It was not a mere permission by the conductor that the plaintiff might ride in the baggage car if he desired; but a fire was there provided for his use, and he was thereby substantially informed that there was the place where he was to ride and have the benefit of it. When the plaintiff entered upon that train, he had the right to expect that the car and the seat which the company provided for him to ride in would be as safe as could, with reasonable diligence, at least, be procured, and, so long as he occupied the car and seat so provided, the company was not relieved from that duty.

If, in the present case, the company would relieve itself from that liability by pleading that the seat and car in which plaintiff rode was not intended for passengers, and therefore was not constructed in as safe a manner as it otherwise would have been, it should not have utilized such place for that purpose, or, if the emergency was such as compelled its use in this instance, it should at least have warned the plaintiff against the possible danger that existed in so using it.   Assuming, then, as I conclude we must, that this plaintiff was riding in the place which the defendant provided for him, it clearly cannot be said, as matter of law, that such place was as safe as could have been procured, or under all the circumstances should have been required; at least it was for the jury to determine that question.

Nor can I agree with defendant's counsel that plaintiff was to be charged, as matter of law, with contributory negligence for not taking notice of the situation, and for sitting with his elbow through the slats.   The result which would follow in that case from the opening of such door was not so obvious as to warrant such a holding.

I conclude, therefore, that the nonsuit was unwarranted, and for such error the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.   All concur.