WILLIAM J. ANDERSON v. KANSAS CITY RAIL-
WAY COMPANY and KANSAS CITY, CLAY
COUNTY & ST. JOSEPH RAILWAY COMPANY,
Appellants.

Division One, July 23, 1921.

1. **NEGLIGENCE: Res Ipsa Loquitur: Unexplained Injury to Passen-
ger.** The rule of *res ipsa loquitur* applies if the injury to a pas-
senger is shown to have been produced by the breaking down, or
the failure to operate, of the carrier's interurban car or any ap-
pliance thereof. If the car is shown to be under the control of the
carrier or his servants, and the accident is such that under the
ordinary course of things does not happen if those who have the
management use proper care, it affords reasonable evidence, in the
absence of explanation by the carrier, that the accident arose from
want of proper care on his part, and the rule applies.

2. ———: ———: ———: **Slamming of Door: Automatic Hinge: Fail-
ure to Operate.** There was a vestibule in the center of an interur-

ban car, with swinging doors communicating with back and forward compartments, the floors of which were about eight inches above the floor of the vestibule; a single swinging door, standing immediately to the rear of the aisle between the seats of the forward compartment, was hinged on the west side of the aisle and separated the compartment from the vestibule platform; the car was operated with the door open, which was fastened back and inward at right angles to the door jamb by means of springs attached to the bottom of the door with a' holder attached to the car to which the springs were fitted, and the catch operated automatically; the car had stopped, and plaintiff's wife, a passenger, fifty-eight years of age, with a suitcase in her right hand, intending to alight on the west side of the car, left the forward compartment, preceded by fifteen other persons and followed by three; when she reached the door and was about to step down to the vestibule platform, she placed her left hand up against the door jamb, and just behind the rear of the door, in order to steady herself, and immediately the door closed, crushing her finger. The conductor testified that he examined the catch after the accident and found it in good condition, and that testimony was not denied. *Held*, that it was the duty of defendants to keep the automatic spring or catch in good condition; and an inference of negligence on defendant's part was raised by the closing of the door, and the burden was on them to explain the occurrence and to show that they were not guilty of negligence, and the rule of *res ipsa loquitur* applies to the case. *Held*, also, that the court could not declare, as a matter of law, that the conductor's testimony overcame the inference that the defendant was negligent.

3. ———: ———: ———: **Undisputed Testimony: Question for Jury.** Where the door to the vestibule of an interurban car was equipped with an automatic device to keep it open, and when a passenger undertook to alight from the car the door closed, without any negligence or interference on her part, and crushed her finger in consequence of which the rule of *res ipsa loquitur* applies and the burden is on the carrier to explain the closing of the door, the court cannot declare that the undisputed testimony of the conductor to the effect that after the accident he examined the automatic device and found it in good condition overcame the inference of defendant's negligence, but the credibility of his testimony is to be determined by the jury.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall*, Judge.

AFFIRMED.

*Cooper, Neel & Wright* and *L. T. Dryden* for appellants.

(1)   The court did not commit error in refusing to give plaintiff's instruction lettered and numbered P-2. Guffey v. Hannibal Ry. Co., 53 Mo. App. 452, 469; Peck v. Transit Co., 178 Mo. 617; Hornstein v. United Rys. Co., 97 Mo. App. 271.   (2)   The demurrer to the evidence on behalf of both defendants should have been sustained. Peck v. Transit Co., 178 Mo. 617.

*C. W. Prince, E. A. Harris, J. N. Beery* and *J. E. Westfall* for respondent.

(1)   Where the court does not assign a reason in its order granting new trial the appellate court will look to the grounds in the motion for new trial, including the one that the verdict is against the weight of the evidence and assume that this was one of the reasons actuating the court, and apply the rule that the weight of the evidence is peculiarly within the province of the trial court and that his action in setting aside the verdict will not be interfered with unless manifestly abused. Jiner v. Jiner, 182 Mo. App. 153, 168 S. W. 231; Sharp v. Odom, 121 Mo. App. 565.   (2)   The sudden and unexpected closing of a door in a car in such a way or manner as to mash the hand of a passenger, placed thereon for the purpose of steadying herself or rendering more secure her footing, establishes a prima-facie case of negligence on the part of the carrier.   Madden v. Mo. Pac. Ry. Co., 50 Mo. App. 666; Croft v. Railway, 211 Mass. 121; Lake Erie, Ry. v. Cotton, 45 Ind. 586; McCarty v. Railway, 50 Mo. App. 596, 80 S. W. 9; Dougherty v. Railway, 9 Mo. App. 480; Daniels v. Railway, 181 S. W. 599.   (3)   The law imposes upon the carrier the burden of removing the presumption of negligence which arises from the happening of an accident which causes injury to a passenger.   Madden v. Mo. Pac. Ry. Co., 50 Mo.

App. 666; Lake Erie Ry. Co. v. Cotton, 45 Ind. App. 580; Holleman v. Railway, 12 Ga. App. 755. (4) It is error to instruct the jury on the proposition of accident or unavoidable casualty where the only proof in the entire record shows either negligence of defendants or contributory negligence of the plaintiff. Smion v. Met., 178 S. W. (Mo.) 449; Tallman v. Nelson, 141 Mo. App. 478; Wise v. Transit Co., 198 Mo. 560. (5) The doctrine of contributory negligence does not apply where defendant lured plaintiff into a sense of security. Millsap v. Beggs, 122 Mo. App. 1. (6) Contributory negligence as a matter of law applies only where the peril exists without the intervention of the negligence of the defendant. Sharp v. Lambert, 142 Mo. App. 567.

WOODSON, P. J.--The plaintiff brought this suit in the Circuit Court of Jackson County against the defendants to recover $3500 damages for loss of services and the society of his wife caused by personal injuries inflicted upon her through the alleged negligence of the defendants.

The trial resulted in a verdict and judgment in favor of the defendant, and upon a motion for a new trial being filed the court sustained the same, and from the order sustaining the motion the defendants duly appealed the cause to the Kansas City Court of Appeals, which latter court in due time delivered an opinion written by BLAND, J., in which all concurred, affirming the judgment of the circuit court, and upon motion for a rehearing being filed one of the judges dissented from the opinion, believing it was in conflict with two opinions of this court, namely, Brown v. Railroad, 256 Mo. 522, and Simpson v. Railway Co., 192 S. W. 739, and consequently certified the cause to this court as provided for by the Constitution of this State.

We have very carefully read the opinion of the Court of Appeals delivered in this case, and are satisfied that it is not in conflict with either of the two cases

mentioned.   The opinion of the Court of Appeals is as follows:

"This is a suit by the husband for the loss of the society, companionship, etc., of his wife.

"The facts show that plaintiff's wife was injured on the 11th day of March, 1917, at 8th Street and Grand Avenue, in Kansas City, Missouri, while a passenger on a car owned and operated by the defendants.   The car was an interurban car with a vestibule in the center thereof, with swinging doors communicating with back and forward compartments where the passengers were seated.   The floor of the compartments was about eight inches above the vestibule.   The car in question was stationary and headed south on Grand Avenue.  A single swinging door, twenty-two inches wide, standing immediately to the rear of the aisle between the seats in the forward compartment, the aisle being twenty-four inches wide, was hinged on the west side of the aisle of the car and separated the compartment from the vestibule platform below.   The car was operated with this door opened, it being fastened back and inward at right angles to the door jamb by means of springs attached to the bottom of the door with a holder attached to the car to which the springs were fitted.   The catch operated automatically.   There was a handhold, about forty-eight inches long, in the vestibule attached to the outside wall of the compartment on the west side, and within two or three inches of the door.   But one in leaving the compartment would not see this handhold unless he knew it was there or looked particularly for it.   If one knew the handhold was there, he would have to reach out and around the vestibule in order to get hold of it.   It was evidently placed there to assist one in stepping up from the vestibule into the compartment.

"After the car stopped about fifteen people alighted from the forward compartment, followed by plaintiff's wife, a woman fifty-eight years of age, who was immediately followed by three or four others.   She had in her right hand a suit case and when she reached the door

and was about to step down to the vestibule platform, in order to steady herself, she placed her left hand upward against the door jamb and immediately behind the rear of the door, whereupon the door instantly closed, crushing her finger and mashing it, resulting in its amputation. The conductor testified that after the accident he examined the catch and found it in good condition. There was no testimony on the part of the plaintiff to deny this testimony of the conductor.

"The petition alleged the relationship of carrier and passenger, followed by a charge of general negligence. Plaintiff tried his case on the *res ipsa loquitur* theory. There was a verdict and judgment for the defendants. Plaintiff filed a motion for a new trial, which the court sustained, assigning no reason therefor, and defendants have appealed.

"The court refused to give plaintiff's Instruction No. P-2 which covered his *res ipsa loquitur* theory. This instruction sought to tell the jury that in the absence of negligence on the part of plaintiff's wife an inference of negligence on defendant's part was raised by the closing of the door and that the *onus* was upon defendants to explain the occurrence and that they were not guilty of negligence. Plaintiff insists that the facts in this case show that this is a *res ipsa loquitur* case and that his Instruction No. P-2 should have been given. Defendants insist that the court erred in granting a new trial for the reason that there was no error and, in addition, that their demurrer to the evidence should have been sustained, because, first, the case is not a *res ipsa loquitur* case and defendants were not shown to have been guilty of any negligence; second, that plaintiff was guilty of contributory negligence as a matter of law.

"We think that this was a *res ipsa loquitur* case. The rule is said to be brought into play 'Where the vehicle or conveyance is shown to be under the control or management of the carrier or his servants, and the accident is such as under an ordinary course of things does not happen, if those who have the management use prop-

er care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of proper care.' [Madden v. Mo. Pac. Ry., 50 Mo. App. 666, l. c. 677.]

"The rule is said to be applicable if the injury is shown to have been produced 'by the breaking down or failure of the carrier's vehicle, roadway or other physical appliances.' " [Dougherty v. Mo. Pac. Ry., 9 Mo. App. 478, 480.]

"The door which closed, injuring plaintiff's wife, was equipped with an automatic spring device to keep the door open. At the time of the injury it was not performing its function as a door, as the conductor testified that: 'It stands open; we keep them open; it had been fastened. Q. It stands open during the trip? A. Yes, sir.' It was the duty of the defendants to keep the automatic catch or spring in good condition. The car was not in motion and no explanation appears in plaintiff's case as to how the door came to close. Under ordinary circumstances the door would not likely have closed. The fact that it did not perform its function at the time it closed upon the hand of plaintiff's wife speaks for itself and raises an inference that it was defective. [Och v. M. K. & T. Ry. Co., 130 Mo. 27, 51; Jorden v. Railroad, 122 Mo. App. 330, 335; McCarty v. Railway Co., 105 Mo. App. 596; Lemon v. Chanslor, 68 Mo. 340; Jenkins v. L. & N. Railroad Co., 104 Ky. 673; Carroll v. Railroad, 99 Wis. 399; White v. Boston & Albany Railroad, 144 Mass. 404; Horn v. New Jersey Steamboat Co., 48 N. Y. Supp. 348; Cramblet v. Ry. Co., 82 Ill. App. 542; Weir v. Union Ry. Co., 98 N. Y. Supp. 268; Chicago City Ry. Co. v. Carroll, 102 Ill. App. 202; Allen v. United Traction Co., 73 N. Y. Supp. 737.]

"Defendant has cited two cases where the facts seem to be in many features like the facts in the case at bar. These cases are Christensen v. Oregon Short Line, 99 Pac. (Utah) 676, and Goss v. Northern Pac. Ry., 48 Ore. 439. Plaintiff was denied recovery in those cases for the reason that defendant's evidence tended to show that

after the injury the catch was examined and found to be in good condition. However, it would seem that in both cases there was no positive evidence that the door was pushed back where it would be securely fastened by the catch, if a good one. There was evidence in this case, as already stated, that defendants kept the door opened and caught back all the time the car was in use. The conductor's station was in the vestibule. He stood practically at the door itself and it must have been under his eye practically all the time. It was held under the evidence in those cases that the inference of negligence, if any, arising from the closing of the door, was overcome as a matter of law by defendant's evidence. This is not the rule in this State. Under our decisions it is within the exclusive province of the jury to pass upon the credibility of the witnesses, and it may refuse to believe any witness or witnesses. [Simpson v. C. R. I. & P. Ry. Co., 192 S. W. 741; Brown v. Railroad, 256 Mo. 522; Wolven v. Traction Co., 143 Mo. App. 643; Heller v. C. & A. Railroad, 209 S. W. 567; Schroeder v. C. & A. Ry. Co., 108 Mo. 322; Wolff v. Campbell, 110 Mo. 114; Kenney v. Railroad Co., 79 Mo. App. 204, 207; Craig v. United Rys. Co., 175 Mo. App. 616, 626; Bates v. Harvey, 195 S. W. 571.]

"The other cases cited by defendants are clearly not in point.

"There is no merit in defendant's contention that plaintiff's wife was guilty of contributory negligence as a matter of law. [Cleveland, Cincinnati, Chi. & St. L. Railway v. Hadley, 170 Ind. 204; Wood v. Ry. Co., 96 N. Y. Supp. 419; Larson v. Elev. Ry. Co., 98 N. E. 1048; Goldweber v. Railway, 173 N. Y. Supp. 470.]

"The Supreme Court adds the following case to the cases cited: Lafferty v. Kansas City Casualty Co., 229 S. W. 750.

"From what we have said it follows that plaintiff's Instruction No. P-2 should have been given and the court properly sustained the motion for a new trial.

"The judgment is affirmed. All concur."

In adopting the opinion of the Kansas City Court of Appeals as the opinion of this court, we wish to add that if the door of the car that injured the plaintiff's wife's hand had the catch at the bottom thereof, and was in perfect working order, as the defendants' evidence tended to show, then the inference must be drawn that the car was being negligently run and operated without the door being fastened by the catch, for had it been it would have been a physical impossibility for it to have slammed and caught the plaintiff's wife's fingers.

For the reason stated the judgment of the circuit court is affirmed. All concur; *Graves J.*, in separate opinion, in which *Woodson, P. J.*, concurs.

GRAVES, J. (concurring).—I think the Court of Appeals opinion is correct in holding that a new trial might have been properly granted upon the failure to give plaintiff's Instruction No. 2, which presented her case upon the *res ipsa loquitur* doctrine. In other words, I agree to the opinion of that court. As the car was standing and not moving at the time of the accident, I do not concur in the remarks added at the end of the opinion. I therefore concur in so far as our opinion adopts the opinion of the Court of Appeals.

The last remarks of my brother might lead to the view that the car was running at the time of the accident, whilst as a fact a number of passengers had left the compartment (the car being at a stand-still) before plaintiff's wife reached the door, and some few were following her. Up to the time she reached the door the fastening seems to have performed its function, but as she passed through the opening of the door, for some reason, not explained, the door closed, and caught her fingers. It is suggested that the following passengers may have pushed the door, but of this there is a question. I concur as aforesaid. *Woodson, P. J.*, concurs in these views also.