### TEXAS AND PACIFIC RAILWAY COMPANY v. W. H. LEAKEY.

#### Decided May 27, 1905.

**1.—Carrier of Passengers—Negligence—Several Grounds—Proof.**

Where the alleged grounds of negligence causing injuries to a passenger were a failure to fasten back the door of a car so as to cause the door to safely stand open; that the catch in use for holding the door open was old and out of repair, and that the train was carelessly and suddenly stopped with great force, throwing the door against plaintiff, proof of some degree of negligence with reference to any one of the grounds alleged entitled plaintiff to recover.

**2.—Same—Personal Injury—Verdict not Excessive.**

Where plaintiff, a farmer, had a foot and hip injured and three ribs broken, the injuries being attended with great pain and depriving him of the ability to work for some time, a verdict for $1,250 was not excessive.

**3.—Charge—Refusal.**

It is not error to refuse a requested charge which is embraced in the main charge given.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*T. J. Freeman* and *Head, Dillard & Head,* for appellant.

*Randell & Wood,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This is a suit brought by appellee against appellant to recover damages for personal injuries received while a passenger on appellant's train. A trial resulted in a verdict and judgment for appellee, and appellant perfected an appeal.

*Conclusions of Fact.*—On the 5th of June, 1903, appellee procured a ticket at Bonham, Fannin County, for passage over appellant's railroad to Bells, Grayson County. He boarded the train and took a seat in the smoking car, about three seats from the rear of the coach. When the station of Bells was announced he arose from his seat and walked to the rear door, it being the proper door to alight from the train. He stepped out of the door with his right foot when the train was suddenly stopped and the car door slammed to and caught his left foot between the door and door facing, throwing him out on the platform of the car and severely injuring him. The injuries consisted of three broken

ribs, an injury to the hip and an injury to the left foot. He was unable to perform manual labor for several weeks and suffered great physical pain. The accident occurred about 9:30 o'clock p. m.

The train porter testified in substance that as the train approached the station of Bells he passed through the train and pushed the car door of the car in which appellee was riding, open so that the door fastenings would catch, as it was his duty to do, and that he then announced the station. The fastening is made in two parts, one part fastened to the floor and the other to the door. The part that is fastened to the door has a spring to it and passes over the part on the floor and holds it that way. If the fastening is in good repair it will hold the door open. To shut the door you have to jerk it off the fastening.

There was evidence tending to show, and which would have justified the jury in finding, (1) that the defendant failed to fasten the door of the car so that it would stand open; (2) that the catches or fastenings for holding the door open were out of repair and would not hold the door open; (3) that when the train was stopped it was stopped with such force and in such a sudden manner that thereby the door was thrown shut; that by reason of some one or more, or all of these acts of negligence the coach door was slammed to and plaintiff's foot caught, throwing him on the platform of the car and causing his injuries. Three or four days after the accident to appellee the car was examined at Texarkana by appellant's car repairer, and he says that at that time the car door fastenings were all right.

*Opinion.*—The appellee's testimony as to how the injury occurred is sustained by the facts and circumstances surrounding the injury. After he was injured he was first seen by the witness, Pritchett, who testified that appellee was lying on the rear platform of the smoking car face downward, groaning, his head to the east, his feet to the west. The train was going west. Witness called the conductor's attention to him; when asked what was the matter by the conductor he replied that the door came to and caught his foot and threw him down. His doctor testified to an injury to the foot, and there is no evidence tending to show that such injury was caused in any other manner than the slamming to of the door catching it between the door and door facing. Appellant insists that the evidence shows that appellee was a man over six feet in height, that the distance from car door to car door between the cars was only five feet, and that when appellee was first discovered he was lying "stretched out at full length on the rear platform" of the car and it is argued that his feet must have extended a foot or more in the coach out of which he fell, and that he must have struck his foot against some unknown object at a point a foot or more before he reached the door. This argument is not sound. There was no evidence that the appellee was lying "stretched out his full length" on the rear platform. Nor was there any testimony that his feet extended in the car door a foot or more. The witness Pritchett testified, "that his best recollection is that part of his, appellee's, body was on the rear platform of the smoker and a part of it on the front platform of the chair car, his feet on the smoker or in the doorway." There is nothing in the evidence to justify the inference that appellee struck his foot against some unknown object before reaching the car door.

The grounds of negligence alleged, were: . (1) that defendant failed to fasten back said door so as to cause the same safely to stand open; (2) that the catch in use for the purpose of holding the door was old, worn, and out of repair; (3) that the train upon which plaintiff was riding was carelessly and suddenly stopped with great force and the door thrown from its fastenings. As stated in our conclusions of fact, there was sufficient evidence tending to support each ground of negligence charged to justify a verdict in favor of appellee, based on either one or more or all of said grounds. The appellee at the time of his injury being a passenger and in no position to examine the fastenings to the door, could not state specifically what caused his injuries, whether it was the failure of the porter to press the door back on its fastenings, the insufficiency of the fastenings to hold the door or the sudden stopping of the train, throwing the door off the fastenings. Nor do we think this was necessary. He was only required to show some degree of negligence on the part of appellant, as alleged in his pleadings. He was a passenger, and the appellant owed him a high degree of care. If any one or more of the grounds of negligence alleged was proved, plaintiff was entitled to recover. As stated, the evidence was sufficient to justify the finding of the jury on the issue of negligence. Mexico Cent. Ry. Co. v. Lauricella, 87 Texas, 277; Receivers v. Withers, 1 Texas Civ. App., 544; Railway v. Smith, 74 Texas, 277; Railway v. Brinker, 68 Texas, 502; Railway v. Hennesy, 75 Texas, 155.)

It is insisted that the verdict is excessive. The evidence showed that appellee had three ribs broken and the right hip and the left foot injured in the accident. There were abrasions of the skin on his hip and the next day discoloration. The next day the left foot was swollen. Appellee suffered great physical pain and still suffers pain. He has not been able to work much since he was hurt. He is a farmer and worked as a farm hand prior to the injury. He is married and has five children. The verdict was for $1,250. The verdict is not excessive.

The special charge set out in the tenth assignment of error, the refusal of which is complained of, was embraced in the court's main charge, and hence the court did not err in refusing the same.

Finding no error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.