KATHRYN L. BEATTIE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

WILLIAM T. BEATTIE *vs.* SAME.

Middlesex.    December 10, 1908. — January 7, 1909.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.   Evidence,* Presumptions and burden of proof.   *Carrier.   Street Railway.*

At the trial of an action by a woman against a street railway company for personal injuries, there was evidence that, while the plaintiff was a passenger upon an open electric car managed and controlled by the defendant, the electric controller exploded with terrific violence, so that a hole was blown in its metallic covering and the whole car was lighted up with flame, that at the time the car was well filled with passengers, that all the passengers seemed to leap from the car at once and that only one passenger, who was restrained by the conductor, remained upon the car. Neither the plaintiff nor her husband, who was with her, was able to state how she left the car, but he found her unconscious upon the ground behind the car immediately after the accident. *Held,* that there was evidence for the jury on the question of the plaintiff's due care.

If the declaration in an action of tort against a street railway company by a passenger upon an open electric car to recover for personal injuries received by reason of an explosion of the electric controller on the car alleges that the explosion was caused by the fact that the electrical mechanism and equipment of the car were unfit, improper and out of repair, and at the trial of the case an electrical expert testifying for the plaintiff states " that an explosion " of the controller " would not occur unless there were some sort of a defect in the electrical mechanism and equipment of the car, and that this defect could be readily discovered by inspection," and the defendant introduces no evidence to explain the cause of the explosion, it is proper for the presiding judge to refuse to rule that the doctrine of *res ipsa loquitur* did not apply to the case, or " that the plaintiff has shown no facts from which negligence on the part of the defendant could be reasonably inferred as to matters alleged in any count of the declaration," and to rule that " the mere happening of the explosion was some evidence of negligence on the part of the defendant as to matters alleged in " the declaration.

At the trial of an action of tort against a street railway company by one injured because of an explosion of the electric controller of an open electric

car while he was a passenger thereon, which explosion is alleged in the declaration to have been caused by reason of a defective and unfit condition of the electrical mechanism on the car, if the evidence of the plaintiff tends to show that the explosion would not have occurred unless there had been some defect in the electrical mechanism and equipment of the car, and that such defect readily could have been discovered by proper inspection, a finding of negligence on the part of the defendant is warranted, although it is conceded by the plaintiff that the car was not the property of the defendant, but had been received by it from another street railway company for the purpose of continuing its journey over the defendant's lines, it appearing that at the time of the accident the car was entirely in the control of the defendant who was acting as a common carrier of passengers, and that the plaintiff was a passenger.

TWO ACTIONS OF TORT, the first for personal injuries received by the plaintiff therein (hereafter called the plaintiff) for personal injuries alleged to have been caused to her by reason of the explosion of the electric controller of an open electric car upon which she was a passenger; the second was by the husband of the plaintiff in the first case for consequential damages. Writs in the Superior Court for the county of Middlesex dated November 5, 1906.

At the trial in the Superior Court before *Hardy*, J., the cases were left to the jury upon the fourth counts of the declarations only, which alleged " that the electrical mechanism and equipment of the car were so unfit, improper and out of repair that the controller thereof exploded and threw out a sheet of flame, thereby imperilling the safety of the passengers on said car, including the plaintiff; that by reason of such explosion and flame and the peril and danger occasioned thereby the plaintiff in endeavoring to escape such impending danger fell from said car with great force and violence to the ground."

There was evidence tending to show that the car upon which the plaintiff was a passenger was not the property of the defendant, but had been received by its employees from another street railway company at Arlington Heights, from whence, in the control of the defendant, it continued its journey to Sullivan Square in Charlestown, when the plaintiff became a passenger on the car's return trip to Arlington Heights.

There was no testimony by any one who saw the plaintiff get off the car.  She testified to the fact of the explosion and that she took hold of the back of the seat in front of her, but could tell nothing further of what occurred.  Her husband, who was with

her on the car, could not tell how either she or he got off the car. He stated that after the accident he went back of the car and found his wife lying on the ground unconscious. There was evidence tending to show that at the time of the explosion the car was "well filled with passengers," and one who was a traveller on the highway and not a passenger testified that immediately after the explosion the passengers "all seemed to be leaping from the car in every direction." One passenger only remained on the car, she being on the rear seat and being prevented from leaving by the conductor.

An electrical expert, called on behalf of the plaintiff, testified in a general way to the function which a controller plays on an electric car, and further said that an explosion would not occur unless there were some sort of a defect in the electrical mechanism and equipment of the car, and that this defect could be readily discovered by proper inspection.

Other facts are stated in the opinion.

At the close of the evidence, the defendant asked the presiding judge to rule (1) that on all the evidence the plaintiff could not recover ; (2) that the plaintiff was not in the exercise of due care ; (3) that there was no evidence of negligence on the part of the defendant; (4) that there was no evidence that the plaintiff was injured as the proximate result of the defendant's negligence ; (5) that the plaintiff had shown no facts from which negligence on the part of the defendant could be reasonably inferred as to matters alleged in any count of plaintiff's declaration ; (6) that the doctrine of *res ipsa loquitur* did not apply to the case ; (8) that there was no evidence as to the manner in which the plaintiff received her injuries and she could not recover. The rulings requested were refused and the jury were instructed "that the mere happening of the explosion was some evidence of negligence on the part of the defendant as to matters alleged in the fourth count of the plaintiff's declaration."

The jury returned verdicts for the plaintiffs ; and the defendant alleged exceptions.

*H. D. McLellan,* for the defendant.

*L. G. Blair,* for the plaintiffs.

KNOWLTON, C. J.   There was evidence to warrant a finding that the female plaintiff was in the exercise of due care.   Ac-

cording to the testimony, the explosion on the electric car was terrific. The controller in the front end of the car exploded, blowing a hole in its metallic covering, emitting a flame which lighted up the whole car. According to one witness " The flame appeared to leap up to the roof and envelop the whole car. The whole car appeared to be ablaze." Of the large number of passengers on the car all but one who was detained there rapidly left the car. The fact that the plaintiff could not describe her action in leaving it does not show that she was not in the exercise of due care. Under such circumstances she could not be expected to act with deliberation.

The question principally argued by the defendant's counsel arises upon the refusal of the judge to grant the defendant's sixth request for a ruling, namely : " The doctrine of *res ipsa loquitur* does not apply to this case," and upon the instruction given, " that the mere happening of the explosion was some evidence of negligence on the part of the defendant as to matters alleged in the fourth count of the plaintiff's declaration."

The doctrine *res ipsa loquitur* applies in the case of an unexplained accident which, in the ordinary experience of mankind, would not have happened without fault on the part of the defendant. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367. *Pinney* v. *Hall*, 156 Mass. 225. *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156. An accident such as appears in this case, with nothing to show that it might have been expected to happen if proper care was used by the defendant, is peculiarly a case for the application of the doctrine.

The defendant's principal argument is that, while the doctrine may apply so far as to be evidence of negligence of some kind on the part of the defendant or its servants, it has no tendency to show that the negligence was in regard to the condition of the car. It may be conceded that if a plaintiff counts upon a particular kind of negligence of a defendant, and no other, an accident that might have happened, with equal probability, from negligence of that kind, or from negligence of a very different kind, does not alone support the averments of the count. But in this case there was testimony from an expert witness, excluding, in his opinion, the possibility of such an accident from any other cause than a defect in the condition of the electrical

mechanism and equipment of the car, and we are not aware of any fact or evidence to warrant a finding that such an accident could have happened from any other cause. The instruction was given in connection with the refusal of an instruction requested, that "the plaintiff has shown no facts from which negligence on the part of the defendant can be reasonably inferred as to matters alleged in any count of plaintiff's declaration," and it was intended to be considered in connection with the uncontradicted testimony of the expert witness. The case comes within the doctrine stated in *Cassady* v. *Old Colony Railway*, 184 Mass. 156, and *Gilmore* v. *Milford & Uxbridge Street Railway*, 193 Mass. 44.

The testimony of the expert and the other circumstances of the case would warrant a finding of negligence, notwithstanding that the car was not owned by the defendant, but was received from another corporation. The defendant was a common carrier of passengers, and it was its duty to exercise towards the plaintiff the highest degree of care consistent with the proper management of its business.

*Exceptions overruled.*