CATHERINE CRAFT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 17, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* Street railway, *Res ipsa loquitur. Evidence,* Presumptions and burden of proof.

In an action against a corporation operating passenger cars in a tunnel, for injuries caused by a sliding door of a car of the defendant closing by mechanism upon the plaintiff while she was in the act of entering the car, which was standing for the reception of passengers at a station, if there is no explanation whatever of the cause of the movement of the door, its closing upon the plaintiff is *prima facie* evidence of negligence, although it was possible for some passenger to have started the machinery by which the door was closed.

It is the duty of a corporation operating passenger cars in a tunnel, not only to use care to see that its servants manage properly the machinery for closing the sliding doors of its cars by which the passengers enter, but also to use care to see that no stranger starts the mechanism so as to cause injury to a passenger.

TORT for personal injuries caused by the closing of a door of a car of the defendant upon the plaintiff as she was entering the car as a passenger in the Court Street station of the East Boston Tunnel.    Writ dated June 3, 1908.

In the Superior Court the case was tried before *Morton*, J.    It was admitted that the plaintiff was in the exercise of due care, and attempted to board the car as a passenger at a point where the car stopped for that purpose.    The Court Street station is the Boston terminal of the East Boston tunnel.    At this point there is a single track, and the cars come to a stop at what is known as a "dead end."    In each car there are four doors, two on either side, front and rear, and the doors all are opened at the Court Street station for the purpose of allowing incoming passengers to alight and returning passengers to enter the car.    At the time passengers are alighting and other passengers are entering, the conductor and motorman are engaged in reversing their positions, and the doors of the car then are closed preparatory to the return trip over the same track.    The two doors on either side for the reception and exit of passengers slide directly back into the side of the car and are operated by compressed air, through the con-

trol of small levers on either side of the motorman's post at each end of the car. There are four of these levers at each end of the car, two on each side for the front and rear doors respectively, the car being made to run with either end as the front.

The evidence in regard to the happening of the accident is stated and described in the opinion.

At the close of the evidence the judge ordered a verdict for the defendant, and at the request of the plaintiff reported the case for determination by this court. If the ruling of the judge was correct, judgment was to be entered for the defendant; otherwise, by agreement of the parties, judgment was to be entered for the plaintiff in the sum of $850.

*A. E. Yont,* for the plaintiff.

*H. S. MacPherson,* for the defendant.

HAMMOND, J. The only question is whether there was evidence of the negligence of the defendant. At the time of the accident the plaintiff was entering the car by the right hand door which was at the forward end of the car. The door is forty-six inches in width and the aperture is divided in the middle by a perpendicular rod. The door in closing passes outside this rod, leaving a space of about three inches. "The rod is apparently designed as a handhold to steady passengers when entering or alighting from the car, and to separate outgoing and incoming passengers." The plaintiff's evidence, which is not contradicted, was that the car was pretty well filled, she being the last passenger to enter at this door, all the seats being occupied, "and there were a few people standing in the aisle." She was passing to the left of the rod previously mentioned when suddenly, without warning, the door started to close and struck her, pinning her body against this rod. The door starts to close slowly and increases its speed as it acquires momentum. Her head, one shoulder, part of her body and one leg were on the inside, the other shoulder, leg and part of her body being held outside the door. She struggled to free herself and was assisted by passengers to a seat, and did not then, or at any other time, see the conductor, and had no communication with any employee of the defendant. She saw the motorman enclosed within his cab, his back being turned toward her.

There was testimony to the effect that it is possible for a passenger to operate the door by the levers in the rear.

The car was standing for the reception of passengers, and in attempting to enter the car at the place and at that time the plaintiff had so far entered the car that the defendant owed to her the duty of a common carrier to a passenger. The car, the door and all the levers for moving them were under the exclusive care and control of the defendant. The closing of the door under the circumstances was evidence of negligence, and since the door was under the care of the defendant and since there was absolutely no explanation of the cause for the movement of the door, the negligence was *prima facie* that of the defendant. And that is so even if some passenger might have intentionally started the machinery by which it was closed. It was the defendant's duty not only to use care to see that its servants and agents properly managed the machinery, but also to see that no stranger started the mechanism. The doctrine of *res ipsa loquitur* applies. *White v. Boston & Albany Railroad,* 144 Mass. 404. *Savage v. Marlborough Street Railway,* 186 Mass. 203. *Hebblethwaite v. Old Colony Street Railway,* 192 Mass. 295, and cases cited. See also *James v. Boston Elevated Railway,* 201 Mass. 263, and cases cited; *Beattie v. Boston Elevated Railway,* 201 Mass. 3, and cases cited; *Rockwell v. McGovern,* 202 Mass. 6.

In accordance with the terms of the report the entry must be

*Judgment for the plaintiff for $850.*