FRED HOPPERMAN *vs.* FORE RIVER SHIP BUILDING COMPANY.

Norfolk.  November 20, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence, Res ipsa loquitur,* Employer's liability.  *Evidence,* Opinion: experts.

In an action, against a corporation engaged in the construction of a battleship, by a workman in its employ for personal injuries sustained by reason of the sudden extinguishment of the electric light in the fire-room of the ship, where the plaintiff had been working and was in the act of stepping from a platform to a swinging stage three or four feet away, so that in the darkness he missed his footing and was injured, there was evidence that the darkness continued for a considerable period of time after the accident.  The plaintiff offered to show by the testimony of an expert that the light would not have gone out suddenly and remained out for so long a time without some negligence of the defendant in the installation or maintenance or in the operation of the electrical apparatus, stating that he proposed "to show that this accident would not be likely to happen except in the absence of due care on the part of the defendant."  The presiding judge excluded the evidence.  *Held,* that the evidence should have been admitted and that its exclusion was a material error.

TORT, against a corporation engaged in the construction of the battleship North Dakota, by a workman in its employ for personal injuries sustained on March 18, 1909, by falling from a platform or staging in consequence of the sudden going out of the electric light in the fire-room, in which the plaintiff was working, when he was stepping from the platform to another staging in the manner described in the opinion.  Writ dated March 17, 1910.

In the Superior Court the case was tried before *Ratigan,* J. The plaintiff introduced evidence of the facts stated in the opinion,

and made the offer of proof there quoted. The judge thereupon excluded the evidence offered and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*L. S. Thierry,* (*J. H. Appleton* with him,) for the plaintiff.

*J. Lowell & K. Howes,* (*J. A. Lowell* with them,) for the defendant.

LORING, J. The evidence in this case tended to show the following facts: The plaintiff was thrown to the deck of the fire-room of the North Dakota while it was in process of construction by the defendant, under the following circumstances: The plaintiff, an employee of the defendant, in the course of his employment, was in the act of stepping from a platform to a swinging stage three or four feet away, when the light or lights went out, he was left in total darkness, and missing his footing fell some eighteen feet to the deck of the fire-room. When the plaintiff did not come up from the fire-room to the deck above, a fellow workman went down to see what the matter was. He found the plaintiff lying unconscious on the fire-room deck, and after staying there some three or four minutes went for the doctor. This fellow workman found the fire-room in total darkness and when he left he left it in total darkness.

On this state of the evidence the plaintiff "offered to show that the arc light in question would not have gone out suddenly in the way in which it did go out, and have stayed out for the length of time that it did stay out, without some negligence on the part of the defendant in the installation or the maintenance of the apparatus for the supplying of the electric arc light with power, or some negligence on the part of those in the employ of the defendant whose duty it was to see that the apparatus connected with these lights was maintained in proper condition and that the light was not shut off at a time when the shutting off of the light would be dangerous to the plaintiff." The plaintiff's counsel further stated, "We propose to show that this accident would not be likely to happen except in the absence of due care on the part of the defendant." The judge excluded evidence on the foregoing offers of proof, subject to the plaintiff's exception, stating, "I am prepared to allow you to show if you can that there was a defect in their (the defendant's) electrical apparatus, if you can show it, which caused the light to go out, but I do not think an expert's

testimony is going to show that. . . . If you will show in any way there was a defect in this lighting apparatus, then it is competent for you to show by expert testimony what caused this light to go out." The plaintiff further stated: "Our offer of proof in this case is to show by this witness exactly as was shown in the case of *Beattie* v. *Boston Elevated Railway*, 201 Mass. 3." This evidence was excluded and the plaintiff took an exception.

That exception must be sustained.

The ruling of the presiding judge was that after the plaintiff had shown by other testimony that there was a defect in the defendant's lighting apparatus he could show by expert testimony "what caused this light to go out," but that the plaintiff could not show by expert testimony that the true explanation of the facts in evidence was that there was a defect.

The plaintiff had a right to prove that there was a defect by any competent evidence, including expert evidence, if an expert could testify, that the true explanation of what took place was that the apparatus was in a defective condition. The plaintiff offered an expert (he said) who would so testify. We see no ground on which the presiding judge could have excluded that testimony. Similar evidence was received without objection in *Beattie* v. *Boston Elevated Railway*, 201 Mass. 3, relied upon by the plaintiff at the trial. It was assumed by this court that that testimony was properly received in that case.

*Exceptions sustained.*