(90 South. 915)

**ALABAMA POWER CO. v. DAVIDSON et al. (7 Div. 195.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Appeal and error ⟜1099(6)—Question adjudicated on former appeal not open to review on subsequent appeal.**

Where the Supreme Court, on a former appeal, decided that a count was not subject to demurrer, such question is not open to review on a subsequent appeal, where no ruling in the court below was invoked after the former adjudication.

**2. Electricity ⟜19(2)—Count held sufficient as charging negligence generally.**

A count against an electric power company, alleging the negligent burning of plaintiff's telephone exchange by allowing current to come in contact with defendant's telephone wire, *held* sufficient as a general count charging negligence in respect of a dangerous element.

**3. Electricity ⟜19(3)—Negligence presumed from burning telephone exchange by current from power transmission wires.**

The doctrine of res ipsa loquitur is applicable in an action for the negligent burning of a telephone exchange by a charge of electricity transmitted from defendant power company's transmission wires to its telephone wire.

**4. Evidence ⟜121(13)—Testimony as to telephone conversations as to high current test on power transmission lines held admissible in action for burning telephone exchange.**

In an action for burning a telephone exchange by a high electric current from defendant's transmission line, from which its telephone line ran to the exchange switch board with which its telephone was connected, evidence that defendant's employees at the power plant talked to each other over the telephone line on the night of the fire about a test with higher current on the transmission lines that night, was admissible as res gestæ.

**5. Principal and agent ⟜22(2)—Declarations of asserted agent admissible where there is other evidence of agency.**

Where there is other evidence of agency, pertinent declarations of the asserted agent are admissible.

**6. Electricity ⟜19(6)—Whether power company used reasonable care in providing available appliances to prevent transmission of current from power to telephone lines held properly submitted.**

In an action for the burning of a telephone exchange by electric current, transmitted over a private telephone line from a power company's transmission lines, where a general count sufficiently charged negligence in respect of a dangerous element, and the evidence was sufficient to go to the jury, the court did not err in submitting the question as to whether defendant exercised reasonable care in providing available appliances to prevent the electricity from going on plaintiff's property, and whether such failure was the cause of the fire.

**7. Electricity ⟜16(4)—Power company held not necessarily relieved from liability for transmission of current from power to telephone line because wires no nearer than best regulated power companies placed them.**

In an action for burning a telephone exchange by electric current from power transmission lines, the court properly refused to charge that, if defendant's telephone wire was no nearer its transmission line than the best regulated concerns of defendant's character placed them, and the transmission line was being operated as the best transmission lines are operated, defendant would not be liable, the use of the methods, appliances, etc., used by

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the best regulated concerns of defendant's character not being conclusive that negligence did not intervene as the proximate cause of the injury.

### 8. Limitation of actions ⬿199(1)—Whether action was commenced in time held for jury.

In an action for burning a telephone exchange by electric current transmitted over a telephone line from power transmission lines, where the proof was not undisputed as to whether a year had elapsed between the burning and the commencement of the suit, that question was for the jury.

Appeal from Circuit Court, Shelby County; A. B. Foster, Judge.

Action by C. T. Davidson and others against the Alabama Power Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Count A appears in the former report of this case. 203 Ala. 77, 82 So. 91. The following are the excerpts from the oral charge made the basis of assignments 7 and 8:

(7) "Now the law requires the defendant to use reasonable care in providing appliances to prevent its current from being transmitted through other wires and destroying other people's property. Did the defendant upon this occasion exercise reasonable care and ordinary diligence in providing these appliances which were available, and could have been provided by the defendant in order to prevent this electricity from going on plaintiff's property? Or did the failure on the part of the defendant, if it did fail, to provide these appliances—was that the cause of the fire upon the occasion inquired about? Now another proposition would be whether or not the defendant used reasonable care and diligence in increasing its charge, or its load of electricity upon that occasion, without providing the necessary appliances to take care of such increases, if that was done. And these are the acts which are claimed by the plaintiff to have been negligence on the part of the defendant, with respect to this particular transaction. The first proposition is, how did the fire occur? Was it done by the defendant in that its electricity passed or arced from its wires to these telephone wires and thereby ran into the switchboard and caused it to be burned? If that is true then did that occur by reason of the negligence of the defendant in failing to provide sufficient appliances or safe safeguards in order to prevent that, when the defendant could, by reasonable care and diligence, have prevented it?"

(8) "Now if you are reasonably satisfied from the evidence that the defendant caused this fire which destroyed the plaintiff's property, and that it was done as the direct result of the negligence of the defendant, in failing to exercise reasonable care to provide sufficient appliances and proper appliances to prevent it, and also that the plaintiff was not guilty of negligence after being conscious of the danger to his property, then the plaintiff would be entitled to recover."

The following charges were refused to the defendant:

(9) "The court charges the jury that if you believe from the evidence in this case that defendant's transmission line was properly constructed and that at the time of plaintiff's injury only some 20 to 28 thousand volts of electricity was being transmitted over said line, and if you further find from the testimony that defendant's telephone wire was not a less distance than the best regulated transmission lines placed near their wires, then your verdict should be for the defendant."

(10) "The court charges the jury that if you believe from the evidence in this case that defendant's transmission line and telephone line was properly constructed, and that defendant's telephone line was no nearer defendant's transmission line than the best regulated concerns of defendant's character placed them, then your verdict should be for the defendant."

(12) "The court charges the jury that if you believe from the evidence that defendant's transmission line, at the time plaintiff was injured, was being operated in a careful way and as the best transmission lines are operated, and if you find further from the testimony that plaintiff's injuries or damages could not have been foreseen by a reasonably prudent transmission line man, then I charge you your verdict should be for the defendant."

Perry W. Turner, of Birmingham, for appellant.

The demurrers to count A were good. 196 Ala. 612, 72 South. 164; 190 Ala. 70, 66 South. 691; 14 Cal. App. 651, 114 Pac. 54, 74. Plaintiff failed to meet the burden of proof. 190 Ala. 70, 66 South. 691; 197 Ala. 473, 73 South. 33; 192 Ala. 486, 68 South. 815; 131 Ala. 419, 30 South. 774; 14 Cal. App. 651, 114 Pac. 74. Charges 9, 10, and 12 should have been given. 137 Ala. 601, 34 South. 1020, 97 Am. St. Rep. 62, and authorities supra.

Riddle & Riddle, of Talladega, for appellees.

Count A was sufficient. 203 Ala. 77, 82 South. 91. The evidence afforded reasonable inference that the accident arose through negligence. 7 Words and Phrases, First Series, 6137; (Tex. Civ. App.) 63 S. W. 164. Counsel discuss further assignments of error, but without further citation of authority.

McCLELLAN, J. [1] This cause has been considered on a former occasion, Davidson v. Ala. Power Co., 203 Ala. 77, 82 South. 91. It was then decided that count A was not subject to the demurrer, but the judgment was reversed for another reason. It is again insisted that count A is subject to the demurrer, but, since no ruling in the court below on this matter was invoked after the former adjudication in this court, the question is not open to review on subsequent appeal.

---

Ala. City Ry. Co. v. Bates, 155 Ala. 347, 46 South. 776; McGreever v. Terre Haute Co., 201 Ala. 290, 291, 78 South. 66.

[2] However, it may be observed that this court remains convinced of the correctness of its previous decision on the sufficiency of count A. It is a misapprehension on appellant's part to interpret the count as specifying the particular acts of culpable negligence to which the plaintiffs ascribe their damage. The count is a permissible general count, charging negligence in respect of a dangerous element, electricity; and the allusion in the count to the proximity of the defendant's transmission wires to the defendant's telephone wire that entered plaintiffs' telephone exchange did not render the effect of the count restrictive of its permissible general allegations of negligence.

[3] On former appeal it was decided that the material issues tendered by count A were due submission to the jury; that the defendant (appellant) was not entitled to the general affirmative charge in its favor. Reconsideration does not convince that the previous ruling in that particular was erroneous. Besides, the applicable doctrine of res ipsa loquitur contributes to confirm the correctness of the previous ruling on this point. Bloom v. City of Cullman, 197 Ala. 490, 496, 497, 73 South. 85, citing supporting principle and illustrating its application.

The only negligence relied on for recovery in Western Union Tel. Co. v. Jones, 190 Ala. 70, 72, 66 South. 691—a decision in which the ownership of different wires related to or causing the injury was referable to distinct concerns—was the proximity of wires, innocent in themselves, to highly charged transmission wires. As stated, the present count A is not so restricted in its averment of the negligence charged.

[4] Benziger and Crabtree were in the employ of appellant. The telephone wire to which plaintiffs attribute the burning of the building and contents belonged to the appellant and was connected with plaintiffs' exchange (switchboard) by the appellant. It ran from appellant's power plant, generating electricity, to the exchange switchboard, and to separate camps of appellant's employees, the transmission line and the telephone line being parallel on appellant's right of way. The plaintiffs' theory was that, on the night of the fire, a very high and dangerous electric current was put on the transmission line at the power plant, and that in some way it passed to the telephone wire entering plaintiffs' exchange and ignited the switchboard and building. The appellant's telephone was connected with the exchange switchboard by verbal contract between the parties, with arrangement for the payment of toll by appellant to plaintiffs based upon use by its employees of the appellant's telephone line through the exchange. Such tolls were charged to, and paid by, the appellant. In this connection plaintiffs were permitted, over appellant's objections, to show that employees or representatives of the appellant talked to each other over the appellant's private telephone line on the night of and before the fire, conversing about a "test" with higher current that would be put on the transmission lines that night. There was no error in admitting such evidence. It did not offend the familiar rule forbidding proof of agency by mere declarations of the asserted agent.

[5] That evidence was referable to acts related to the res gestæ of the event under inquiry. However, where there is other evidence of agency, pertinent declarations of the asserted agent are admissible. Robinson v. Greene, 148 Ala. 434, 440, 43 South. 797, and subsequent decisions in that line.

[6] What has been already said with reference to appellant's contention that count A was subject to demurrer and that appellant was due the general affirmative charge, disposes, unfavorably to appellant, of the matters (excerpts from the oral charge) referred to in assignments 7 and 8.

[7] The court refused appellant's requests for instructions numbered 9, 10, and 12. They appear in the report of the appeal. The court did not err in refusing these instructions. A material factor in their hypotheses is that the appellant observed, in arranging its lines or operating them, a course like that followed by the best regulated concerns of appellant's character; and from such a premise, in part at least, invoked the conclusion of nonliability in this instance. The use or employment of the methods, appliances, or arrangements used by the best regulated concerns of defendant's character is not conclusive that negligence did not intervene as the proximate cause of an injury or damage. Caldwell F. & M. Co. v. Watson, 183 Ala. 326, 334, 62 South. 859; Central R. R. Co. v. Robertson, 203 Ala. 358, 83 South. 102, 105. This fault, if not others unnecessary now to note, in the requested instructions justified their refusal.

[8] Whether the action was commenced within the period allowed was, under the evidence, a jury question, the proof not being undisputed that 12 months had elapsed between the burning of the property and the commencement of the suit.

The judgment is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.