(103 So. 689)

### BLACKWOOD v. RUTHERFORD.
(6 Div. 813.)

(Supreme Court of Alabama. Dec. 18, 1924. Rehearing Denied April 16, 1925.)

I. Payment ⊜═89(I)—Money paid under a mistake of fact recoverable under count for money lent.

Money paid under mistake of fact may be recovered under common count for money lent.

2. Money paid ⊜═8—Proof necessary to support count for money paid stated.

Under a count for money paid by plaintiff for defendant at defendant's request, plaintiff must prove that he paid money to some person at request of defendant, express or implied.

3. Appeal and error ⊜═883—Acquiescence by defendant in trial court's interpretation of plaintiff's count precludes defendant from contending on appeal that evidence did not support count as it originally stood.

Where trial court interpreted a count of plaintiff's complaint as being a count for money had and received, and submitted it to jury as such a count, to which interpretation defendant made no objection and took no exception, defendant's acquiescence was in practical effect an amendment of count by consent of parties, precluding defendant from contending on appeal that plaintiff's evidence did not support count as it originally stood.

4. Appeal and error ⊜═197(3)—Refusal of defendant's affirmative charge on ground of variance not reviewable, where variance not brought to attention of trial court by proper objection.

Trial court's refusal to grant defendant's general affirmative charge, on ground of variance between count in plaintiff's complaint and case made by evidence, is not reviewable under circuit court rule 34, where such alleged vari-

ance was not brought to attention of trial court by proper objection to the evidence.

**5. Payment ⟨key⟩89(6)—Issue as to existence of mortgage debt at time plaintiff made payment thereon held for jury, where evidence conflicting.**

In action to recover money paid under alleged mistake of fact, on ground that plaintiff paid defendant a certain sum for release of mortgage debt, but that mortgage debt had in fact been paid, issues as to whether mortgage debt had been paid and, if not, amount remaining unpaid at time of plaintiff's payment, were for jury, where evidence was conflicting.

**6. Payment ⟨key⟩80—Remedy of plaintiff suing under common count for money had and received for recovery of money paid on mortgage debt, alleged to have been already paid, stated.**

Where plaintiff, under a count interpreted as one for money had and received, sought recovery of $1,000 alleged to have been paid to defendant for release of mortgage debt when such debt in fact had been paid, plaintiff could not recover on the common count if there remained due on mortgage debt a balance of $1,000 or more, but, if balance due was less than such sum, his recovery was limited to difference between balance and $1,000.

**7. Fraud ⟨key⟩49—Existence of amount of mortgage debt substantially less than represented by defendant to plaintiff would not defeat cause of action on count for deceit.**

Where plaintiff sought recovery of $1,000 paid to defendant for release of mortgage, on ground that debt had already been paid, under plaintiff's count for deceit on ground that defendant misrepresented that debt of $2,800 existed on mortgaged land, existence of mortgage indebtedness of $1,000 would not defeat the cause of action, since it would be quite different from amount represented as true by defendant.

**8. Trial ⟨key⟩253(3), 260(1)—Requested instructions, ignoring issue and covered by given instructions, held properly refused.**

Defendant's requested instructions, which ignored issue under plaintiff's count for deceit, and were fully covered by other instructions, *held* properly refused.

**9. Payment ⟨key⟩89(6)—Requested instruction on estoppel in action for recovery of money paid to release mortgage debt held properly refused.**

In action by plaintiff to recover $1,000, paid to defendant for release of mortgage indebtedness, on ground that no indebtedness existed, defendant's requested instruction presenting theory of estoppel if part of amount was due and release obtained was properly refused, as, if no indebtedness was due on mortgage, plaintiff was entitled to money paid and a release, and, if mortgage debt was less than $1,000, plaintiff was entitled to difference and a release, whereas if debt exceeded $1,000 plaintiff could recover nothing but the release.

**10. Trial ⟨key⟩242—Instruction that plaintiff's knowledge of facts in case would preclude recovery properly denied as misleading.**

Defendant's requested instruction that if plaintiff had knowledge of all facts in case verdict must be for defendant was properly refused as misleading, in that in some aspects the facts in the case, though known to plaintiff, would not defeat but would rather justify a recovery.

**11. Evidence ⟨key⟩317(7)—Witnesses ⟨key⟩388(2) —Testimony held properly excluded as hearsay, and incompetent as contradiction of witness because no predicate laid.**

In action to recover money paid for release of mortgage indebtedness, on ground that no debt existed, testimony that a joint mortgagor, from whom plaintiff purchased mortgaged property, admitted correctness of mortgage debt, was properly excluded as hearsay, in so far as mortgage indebtedness was concerned, and it was not competent to contradict such joint mortgagor because no predicate was laid therefor.

**12. Evidence ⟨key⟩256—Contents of document properly excluded, where not shown that plaintiff admitted its correctness or had knowledge thereof.**

Document containing figures taken from defendant's books at time when plaintiff was alleged to be present, and offered to show plaintiff's knowledge of such figures, *held* properly excluded, where it was not shown that plaintiff admitted correctness of such figures or had any knowledge of them whatever.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Action by J. L. Rutherford against D. R. Blackwood. Judgment for plaintiff, and defendant appeals. Affirmed.

Charges D, G, and I, requested by and refused to defendant, are to the effect that, if the jury find there was as much as $1,000 due to defendant on his mortgage at the time of payment by plaintiff, the plaintiff could not recover. Charges H and J, refused to defendant, are as follows:

"H. The court charges the jury that, if you should be reasonably satisfied from the evidence in this case, that there was any amount due on said mortgages at the time said $1,000 was paid, and the plaintiff obtained a release of part of said land, covered by said mortgage, he would be estopped from claiming said $1,000 and still hold the benefit of said release of part of said lands from said mortgages."

"J. The court charges the jury that, if you are reasonably satisfied from all the evidence in this case that the plaintiff had knowledge of all the facts in this case at the time he paid said $1,000 your verdict must be for the defendant."

Russell & Johnson, of Oneonta, and Joel B. Brown, of Cullman, for appellant.

For a recovery under the court for money paid, plaintiff must have paid money to a

---

third person at the request of defendant. Beard v. Horton, 86 Ala. 202, 5 So. 207; 27 Cyc. 833; Murphree v. Pinnington, 201 Ala. 500, 78 So. 854; 14 A. & E. Ency. Pl. & Pr. 53. Plaintiff, having knowledge of all the facts when he paid the money, cannot recover. Rutherford v. McIvor, 21 Ala. 750; Hinds v. Wiles, 12 Ala. App. 596, 68 So. 556; Phillips v. McConica, 59 Ohio St. 1, 51 N. E. 445, 69 Am. St. Rep. 753. The defendant was entitled to the general charge. Beard v. Horton, supra. Charges D, G, and I should have been given at defendants' request. 2 Jones on Mortg. § 887; Code 1907, § 4899. Charge H was erroneously refused. 27 Cyc. 870; 3 Michie's Ala. Dig. 363. There was error in sustaining objection to the evidence offered by witness Blackwood. Livingston v. State, 7 Ala. App. 43, 61 So. 54; 12 Michie's Ala. Dig. 1292.

· Ward, Nash & Fendley, of Oneonta, for appellee.

Money paid under a mistake may be recovered in an action of assumpsit. Young & Son v. Lehman, Durr & Co., 63 Ala. 519; Russell v. Richard & Thalheimer, 6 Ala. App. 73, 60 So. 411; Wilson v. Sergeant, 12 Ala. 778; Rutherford v. McIvor, 21 Ala. 750; Hunt v. Matthews, 132 Ala. 286, 31 So. 613. Counsel argue other questions, but without citing additional authorities.

SOMERVILLE, J. [1] The action is for the recovery of money paid under an alleged mistake of fact. The complaint contains a count for deceit and six common counts, but does not contain any count for "money had and received," the only common count specifically appropriate for recovery on the facts of the case. However, it has been settled in this state that money paid under a mistake of fact may be recovered under a common count, either for money had and received, or for money lent; the latter being declared on in the first count of the complaint. Young v. Lehman, 63 Ala. 519.

[2] The only one of these common counts submitted to the jury, the others being severally charged out, was No. 5, "for money paid by plaintiff for defendant at his request." Such a count can be supported only by proof that the plaintiff has paid money to some third person at the request of the defendant, express or implied. 14 Am. & Eng. Ency. Pl. & Prac. 53. The case made for plaintiff by the evidence not meeting that requirement, counsel for defendant requested in writing the general affirmative charge, and insists that it was improperly refused.

[3] There are two sufficient answers to this contention. In the first place, the trial judge, in his oral instructions to the jury, interpreted count 5 as being in effect a count "for money had and received," and submitted it to the jury as such a count.

Counsel for defendant made no objection, and took no exception, to that interpretation of the count, nor to its submission in that form to the jury. We think that such an acquiescence by defendant was in practical effect an amendment of the count by consent of the parties to the preclusion of defendant's present contention.

[4] Moreover, the right to the general charge could be grounded only on the theory of a variance between the case made by count 5 and the case made by the evidence. In that case the trial court will not be put in error for refusing the general charge unless it appears that the variance was brought to the attention of the court by a proper objection to the evidence. Cir. Ct. Rule 34, 175 Ala. xxi. The attention of the court was not directed to the variance, so far as the record shows.

Plaintiff's claim is based on testimony tending to show that he purchased a portion of a tract of mortgaged land from the mortgagor, and subsequently paid $1,000 to the defendant, who was the transferee of the mortgage, for a release of the purchased part from the lien of the mortgage; plaintiff's testimony tending to further show that at the time of plaintiff's said payment for said release the mortgage debt had in fact been paid, and the lien on the land discharged, though defendant had represented to plaintiff that the amount due on the mortgage was about $2,800, and that plaintiff made the payment believing that such was the case.

[5] The controlling issue of fact was whether the mortgage debt had been paid, and, if not, what amount remained unpaid at the time of plaintiff's payment to defendant. On these questions the evidence was in dispute, and the issues were for the jury to determine as they believed the facts to be.

[6] The trial judge correctly instructed the jury that, if there remained due on the mortgage debt a balance of $1,000 or more, the plaintiff could not recover on the common count; and that, if the balance due, if any, was less than that sum, the recovery would be limited to the difference between that balance and $1,000. He further instructed the jury that if they found that defendant represented to plaintiff that an indebtedness of nearly $3,000 was due on the mortgage, and threatened to sell the land thereunder, and that this statement was false, and that by it defendant fraudulently obtained from plaintiff the payment of $1,000, as charged, then plaintiff would be entitled to recover that sum, with interest, under count B for deceit.

[7, 8] Under count B, the existence of a mortgage indebtedness of $1,000, or of any amount substantially less than that represented, would not defeat the cause of action, since that situation would have been quite different from the one represented as true by defendant—an indebtedness of nearly

$3,000. Refused charges D, G, and I ignore the issue under count B, and were for that reason properly refused. They were correct charges only as to the common count, and as to it they were fully covered by other instructions given.

[9] Charge H was properly refused. The issues tried presented no question of estoppel. If no indebtedness was due on the mortgage, plaintiff was entitled to recover the money he paid, and he was entitled also to have the release. If the mortgage debt was less than $1,000, plaintiff was entitled to recover the difference between that sum and $1,000, and was entitled also to have the release. If the mortgage debt was $1,000 or more, plaintiff could recover nothing, being entitled only to the release. The trial judge so instructed the jury.

[10] The assignment of error based on the refusal of charge J is not sufficiently argued to entitle it to consideration. However it was properly refused, since in some aspects of the evidence "the facts in the case," though known to plaintiff, would not defeat but would rather justify a recovery. The charge is at least misleading.

[11] Defendant sought to show by his witness E. N. Blackwood that witness went over the mortgage debt account with Mrs. J. A. Tidwell, a joint mortgagor with her husband, and that she admitted it was correct. This was properly excluded by the court. So far as the issue of mortgage indebtedness was concerned, it was mere hearsay, and it was not competent for the contradiction of Mrs. Tidwell as a witness, because no predicate was laid therefor.

Defendant offered in evidence "a certain paper containing certain figures made by the defendant over at the home of Harvey Brown," at a time when the Tidwells and plaintiff and defendant were present, and which "were made with reference to the particular notes and mortgages in evidence at the time, and to which the evidence shows they all had knowledge of what the figures showed, and were made * * * for the express purpose of ascertaining the amount due on said mortgage at a meeting of the said parties for that express purpose."

[12] Figures made by defendant are no more than written declarations by him, and this document was not admissible against plaintiff unless it appeared that with knowledge of the facts he admitted the correctness of the figures expressly or by silent acquiescence. There is nothing in the evidence to show that plaintiff admitted the correctness of the figures submitted by defendant on that occasion, nor, indeed, anything to show that he had any knowledge on the subject whatever; the transactions being between defendant and the Tidwells, and the figures being taken from defendant's own books. The

document, apart from the uncertainty of its contents, was properly excluded.

We do not find any error in the rulings of the trial court, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.