191 So. 234

**HENDERSON v. SOUTHERN RY. CO.**

8 Div. 960.

Supreme Court of Alabama.

June 29, 1939.

Rehearing Denied Oct. 12, 1939.

E. W. Godbey, of Decatur, for appellant.

Russell W. Lynne and S. A. Lynne, both of Decatur, for appellee.

GARDNER, Justice.

Plaintiff was a passenger on defendant's train en route from Asheville, North Carolina, to Decatur, Alabama, and at Chattanooga, Tennessee, was directed by defendant's employee to change to the coach ahead, which she did, following the flagman out of the coach. She insists that as she passed through the door, "it slammed and hit me on the arm," causing the injuries for which she sues.

Plaintiff's case in counts 2 and 3 rests upon negligence of the employees in charge of the train, the latter count designating the conductor; while count 4 rests upon a defect in the mechanism of the door, which arose or had not been discovered or remedied owing to the negligence of defendant's agent, servants or employees.

Upon submission of the case to the jury on these counts, and on plea of the general issue and contributory negligence, interposed for defendant, there was verdict for defendant, and plaintiff appeals.

The insistence here for reversal is rested upon the action of the court in giving for defendant charges 6, 20 and 18.

Plaintiff cites many authorities (Bloom v. City of Cullman, 197 Ala. 490, 73 So. 85; Town of Athens v. Miller, 190 Ala. 82, 66 So. 702; Baker v. Baker, 220 Ala. 201, 124 So. 740; Langley Bus Co. v. Messer, 222 Ala. 533, 133 So. 287; Alabama City, Gadsden & Attalla Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann.Cas.1913A, 1181; Alabama Power Co. v. Davidson, 206 Ala. 501, 90 So. 915; Craft v. Boston E. R. Co., 211 Mass. 374, 97 N.E. 610, 39 L.R.A., N.S., 878; Missouri, K. & T. Rwy. Co. v. Perry, Tex.Civ.App., 95 S.W. 42; Anderson v. Kansas City Rwy. Co., 290 Mo. 1, 233 S.W. 203; Silva v. Boston & Maine Rwy., 204 Mass. 63, 90 N.E. 547; Martin v. Mo. Pac. R. Co., Mo.App., 253 S.W. 1083; Peterson v. De Luxe Cab Co., Iowa, 281 N.W. 737; Texas & Pacific Rwy. Co. v. Leakey, 39 Tex.Civ.App. 584, 87 S.W. 1168, 1169) upon the doctrine of res ipsa loquitur, and that a jury case was presented as to count 4; and other authorities (Blackwood v. Rutherford, 212 Ala. 630, 103 So. 689; Sloss-Sheffield Steel & Iron Co. v. Smith, Ala.Sup., 40 So. 91; Woodward Iron Co. v. Brown, 167 Ala. 316, 52 So. 829; Robinson v. Crotwell, 175 Ala. 194, 57 So. 23) to the effect that a charge predicating a finding for defendant, and which ignores other counts upon which plaintiff likewise seeks recovery, is faulty and should be refused.

Charges 6 and 20 are argued jointly, and so considered here. That they stipulate the proper degree of care owing by defendant to its passengers appears not to be questioned. It was stated in Birmingham Ry., Lt. & Power Co. v. Barrett, 179 Ala. 274, 60 So. 262, and reapproved in H. D. Pollard, Receiver, v. Bettie G. Williams, Ala.Sup., 191 So. 225,[1] which latter case also restates our doctrine of res ipsa loquitur. But we see no occasion for a discussion of these principles here.

For the purpose of this case it may be assumed that a jury case was presented under count 4 (a question, we may add, not entirely free from difficulty), yet we cannot agree that these charges are faulty to the point of reversal as ignoring said count.

As to charge 6, it makes special reference to "any issue of negligence on the part of defendant's servants and employees submitted to you in this case," and one of the issues so submitted bore relation to negligence as to the defective condition of the door as set out in count 4.

Plaintiff argues upon the assumption that the use of the words "on the occasion in question" confined any matter of negligence to the conduct of those employees then in operation of the train. But this is too narrow a construction of the language of the charge. Plaintiff claimed damages for what occurred on this "occasion," and none other; and if defendant met all the requirements of the law in the carriage of plaintiff as a passenger "on this occasion," it discharged its duty. Among the definitions of "occasion", as a noun, are necessity or need, also a particular time. 46 Corpus Juris 892. Here it would seem to have reference to the particular time of which plaintiff complains, and the duty on defendant as to the matter alleged in count 4 was a continuing one, and ever present "on this occasion." If at that time there was no defect in the mechanism, or, if so, defendant's employees had not been negligent in failing to discover or remedy such defect, it was a matter embraced within the meaning of these charges as well as any want of negligence on the part of the flagman or conductor.

We are not now prepared to say these charges are even misleading. But the trial court in the oral charge made the distinction between counts 2 and 3 and count 4 clear enough to the jury, and they were distinctly told this count was rested on the "negligence of the servants of the company with reference to starting that car out on the road in a defective condition, or at least allowing it to be used on that occasion while in a defective condition." And should they, at the most, be held to have a misleading tendency, the language of the oral charge should suffice to demonstrate the jury was not in any manner misled thereby; and if plaintiff apprehended otherwise an explanatory charge would have removed all doubt. Reversible error is not to be rested upon charges 6 and 20.

In arguing charge 18, plaintiff assumes it is a charge on contributory negligence, which is faulty in failing to state an appreciation on plaintiff's part of any danger or the consequence of any failure on her part. Vulcan Rivet Corporation v. Lawrence, 214 Ala. 378, 108 So. 3; Sprinkle v. St. L. & S. F. R. Co., 215 Ala. 191, 110 So. 137; 45 Corpus Juris 946.

But even treating the charge upon that assumption, it would not follow it was at fault in this respect. It did not attempt to

---

instruct the jury concerning what plaintiff should or should not have done to have constituted her guilty of contributory negligence, but merely that her negligent conduct, if proximately contributing to her injuries, would preclude recovery. So considered, it would be no more faulty than charges 2 and 3 approved in Alverson v. Little Cahaba Coal Co., 201 Ala. 123, 77 So. 547. However, all of this is outside the question here presented. This for the reason the charge is not one based on the doctrine of contributory negligence. It is rested on a want of due care for plaintiff's own safety, which was the *sole* proximate cause of the injury.

"If negligence for which plaintiff is responsible is the sole proximate cause, there can, of course, be no recovery. In such cases there is no actionable negligence on the part of defendant, and there is no room for the application of the doctrine of contributory negligence." 45 Corpus Juris 976.

It may be observed that in the instant case there is no question involved of wantonness or any issue of subsequent negligence. Boyette v. Bradley, 211 Ala. 370, 100 So. 647.

There was no error to reverse in giving charge 18.

Finding no reversible error, the judgment will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

